O'GARA, KING & COMPANY v. FREDERICK L. HANSING and Another.[1]

January 30, 1903.

Nos. 13,243—(233).

**Promissory Note—Consideration.**

A married woman made and delivered her promissory note for the debt of her husband to induce a creditor to refrain from bringing an action against the husband to recover the same. *Held* a sufficient consideration for the note.

**Fraud.**

To bring G. S. 1894, § 2239, providing that the question whether a promissory note was obtained by fraud or the person who made the same was guilty of negligence is one of fact for the jury to determine, into operation and effect, there must be some competent evidence raising an issue of the kind referred to.

**Directed Verdict.**

Record examined, and *held* to justify the trial court in directing a verdict for plaintiff, and that no reversible errors were committed on the trial.

Action in the district court for Blue Earth county to recover from defendants, Frederick L. Hansing and Julia V. Hansing,

[1] Reported in 93 N. W. 307.

88 M.—26

$142.54, and interest, upon a promissory note. As to Frederick L. Hansing the action was subsequently dismissed. The case was tried before Cray, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant Julia V. Hansing appealed. Affirmed.

Defendants' fourth assignment of error was the ruling of the trial court in excluding the following interrogatory propounded to her upon objection made that the same was incompetent, irrelevant and immaterial, and the answer thereto irresponsive:

"Interrogatory 19. How long after you signed said alleged note did you tell said Scott, if ever, that you had been deceived in signing the same, and that you would not consider yourself bound by it? A. Upon his return the next day after I had signed the alleged note, at which time I learned that I had been deceived in the alleged statement. I also notified said company in writing that I had been deceived and that I would not consider myself bound or held by said instrument."

*W. A. Funk*, for appellant.
*Benjamin C. Taylor*, for respondent.

BROWN, J.

Action to recover upon a promissory note alleged to have been made and delivered by defendants to plaintiff, in which plaintiff had a verdict by direction of the court below. The action was dismissed as to defendant F. L. Hansing, and defendant Julia V. Hansing appealed from an order denying her motion for a new trial.

The facts are as follows: Defendants are husband and wife. F. L. Hansing, the husband, was for some time prior to August, 1901, engaged in the coal and fuel business at Mankato, and was indebted to plaintiff, a corporation, in the sum of $142.50, for merchandise by it sold and delivered to him. On August 9, an agent of plaintiff called at his place of business to secure a settlement of the balance due on the account, but, finding him absent from the state, called upon his wife, defendant Julia, and procured from her the promissory note upon which this action was brought. It appears from the evidence that the agent threatened to bring suit against her husband to recover upon the account, and to garnishee persons who were indebted to him; and it is claimed that, to

induce him to refrain from so doing, Mrs. Hansing made and delivered the promissory note in suit, which was due and payable September 1 following the date on which it was made, August 9. Mrs. Hansing signed the name of her husband to the note, and also her own name, but it appeared on the trial that she had no authority to sign her husband's name, and the action was dismissed as to him. The defense to the action, so far as Mrs. Hansing was concerned, was that the note was made and delivered by her without consideration, and that she was induced to sign it by the fraudulent representations of the agent. Several assignments of error are presented in this court, only two or three of which are necessary to be mentioned.

Plaintiff offered in evidence the promissory note and rested, whereupon, after a motion to dismiss, which was denied, defendant called Charles A. Scott, the agent who procured the note from defendant, for the purpose of cross-examination; but the court declined to permit him to so examine the witness on the ground that Scott was not at the time of the trial an agent of plaintiff, or in any way connected with it. The ruling is assigned as error. Conceding the ruling to be error, it was without prejudice to the rights of defendant. The witness was called by plaintiff in rebuttal, and examined touching the transaction in question, and defendant had opportunity to and did fully cross-examine him at that time. So that, even if erroneously deprived of such cross-examination in making out her case in chief, she was afforded that opportunity before the case was closed, and was in no way injured by the ruling. Whether, in any case, an agent of a corporation may be called as an adverse witness under the state statute, after his relationship with his principal has ceased, to the same extent as though he were at the time of the trial still the agent, we do not determine.

The principal question in the case is presented by the fifth assignment of error, in which defendant complains of the order of the court directing a verdict against her. It is insisted in her behalf that the evidence fairly made a question for the jury to determine, and that the court should have submitted the case to them. In this we are unable to concur. A very careful examina-

tion of the evidence satisfies us that defendant signed and delivered the note in question knowingly, and with a full understanding of its contents and effect, and for the purpose of inducing the plaintiff to refrain from bringing an action against her husband upon the account. Her testimony as to what she understood the paper to be is not sufficient to require the submission of the question to the jury. She signed her husband's name to the note, which was a very unnecessary act on her part, if her contention that she understood the writing to be a mere statement that he would return on September 1 and settle the account be true. It is not suggested that she cannot read or write, but, on the contrary, it appears with reasonable certainty that she was a woman of some business ability. The contention of appellant that G. S. 1894, § 2239, providing that the question whether a promissory note was obtained by fraud, or the person who made the same was guilty of negligence, is one of fact for a jury to determine, is not controlling, because, to bring that statute into operation, there must be some evidence to raise an issue of the kind referred to; and, as there was no such evidence in this case, the court properly instructed a verdict for plaintiff.

There was no error in the ruling of the court complained of by the fourth assignment of error.

Order affirmed.