JOHNSON COUNTY SAVINGS BANK v. ALDEN T. HALL and Another.[1]

November 29, 1907.

Nos. 15,465—(83).

**Promissory Note—Execution.**

The evidence was insufficient to justify the jury in finding that appellants were not negligent in signing a promissory note upon the supposition that the same was a receipt for goods purchased by them, and the trial court was justified in ordering judgment for respondent notwithstanding the verdict.

**Same—Statute.**

Section 2747, R. L. 1905, requiring the question of negligence in signing negotiable paper to be submitted to a jury, does not dispense with the general rule that a verdict must be sustained by reasonable evidence.

Action in the district court for Ramsey county to recover $285 on a promissory note. The case was tried before Bunn, J., and a jury which rendered a verdict in favor of defendants. Plaintiff's motion for judgment notwithstanding the verdict was granted. From a judgment for $368.29 in favor of plaintiff, defendants appealed. Affirmed.

*Franklin H. Griggs,* for appellants.

*C. C. Joslyn,* for respondent.

LEWIS, J.

Respondent commenced this action to recover upon a certain promissory note executed by appellants on July 29, 1904, for $380, payable $95 in three, six, nine, and twelve months, respectively, from date. It was alleged in the complaint that the note was originally made payable to the order of the Lyon-Taylor Company, at their office in Iowa City, Iowa, and was thereafter sold and indorsed by that company to respondent; that no part of the same was paid, except $95, which was paid October 28, 1904. The answer denied the execution and delivery of the note, and alleged that appellants held the jewelry as bailees under selling contract with the Lyon-Taylor Com-

pany; that it was understood and agreed between the parties that, if the jewelry was not entirely sold within six months, the unsold portion might, at the option of appellants, be returned to the company. The answer further alleges that appellants were induced to sign and deliver to Lyon-Taylor Company the note in question, relying upon the false and fraudulent representation by that company that the same was a receipt for the goods theretofore delivered; that the prices of the jewelry marked by the Lyon-Taylor Company aggregated in amount the sum of $760; that appellants had not sold goods to exceed the aggregate sum of $40; that July 29, 1904, appellants undertook and agreed to ninety days thereafter pay to the Lyon-Taylor Company the sum of $95, to apply upon account of such sales; that it was mutually agreed that if, at the expiration of six months' time, the sales of such jewelry were not satisfactory to appellants, and if they should elect to return the same, that Lyon-Taylor Company would repay to appellants the total amount so advanced in excess of fifty per cent. of the amount of all sales thereof, and that, relying on such agreement, appellants paid the sum of $95 on or about January 29, 1905; that they offered to return the jewelry to the Lyon-Taylor Company, and ever since have held themselves in readiness to do so; and that they have held the jewelry as bailees for the use and benefit of that company, and not otherwise.

At the trial respondent introduced in evidence the order or contract, under which the goods were claimed to have been purchased by appellants from the Lyon-Taylor Company. The writing is in the form of an order, addressed to "Lyon-Taylor Company, Factory, Iowa City, Iowa," dated July 12, 1904, and signed by appellants and by Irving M. Crane, salesman, representing the company. In the body of the order was contained a warranty to the effect that any jewelry failing to wear satisfactorily would be replaced by new articles free of charge, if returned within five years from date, and any jewelry not selling readily might be exchanged for new styles and patterns, provided the same be returned within one year from date of purchase. The terms of payment were specified: Six per cent. discount for cash in ten days, or one-fourth in three, six, nine, and twelve months, respectively, without interest, if acceptances were given within fifteen days from date of invoice. The order provided

that the purchaser should agree to send to the company a quarterly report of all goods sold and remaining on hand unsold, and the Lyon-Taylor Company guaranteed that, if the retail sales did not equal the amount of the purchase price, $760, at the expiration of twelve and one half months from date of invoice, they would buy back from appellants, for cash, at the original invoice prices, sufficient jewelry to make up the deficiency. At the end of the order, after the signatures, appears the following: "The above amount to be shipped, provided a discount of (7%) be made on $380 worth; otherwise only half of the above quantity $760 to be shipped, viz., $380." The following additional words were written at the end of the copy of the order introduced in evidence by appellants: "If goods are not sold in six months, goods can be returned." The copy introduced by appellants was delivered to them by the salesman, Crane, at the time the note in question was executed, and it is claimed by respondent that those words formed no part of the original order as received by the Lyon-Taylor Company.

The only question which was tried and submitted to the jury was whether or not appellants executed the promissory note, intending so to do, or whether they had been deceived by the false representations of the salesman, and were induced to sign the same, believing it to be nothing more than a receipt for the goods. No attempt was made to sustain the allegations of the answer that appellants had not in fact purchased the goods from Lyon-Taylor Company in accordance with the provisions of the order. All effort was abandoned to prove that there was a modification of that contract. Although the written order was modified, after the signatures were attached and before it was finally accepted by the Lyon-Taylor Company, by reducing the amount to $380, there was no evidence to indicate that it was changed or modified in any other respect. Even if it be conceded that the Lyon-Taylor Company authorized modification of the contract, so as to provide that the goods might be returned if not sold within six months, no evidence was introduced tending to prove that appellants ever availed themselves of that provision. On the contrary, for the period of one and one half years, appellants conducted themselves consistently with the theory that they had purchased the goods and had executed a promissory note in payment therefor. By

the terms of the contract appellants were purchasers, and not bailees. They agreed to pay for the goods in cash, or by executing and delivering negotiable paper payable in three, six, nine, and twelve months. No claim was made that they paid cash for the goods, and hence at the time the merchandise was delivered to them they were required to execute the acceptances called for by the terms of the contract. That they did execute such acceptances is evidenced by the fact that the note in question was delivered to Lyon-Taylor Company, sold and transferred for value received to respondent, and in the ordinary course of business sent for collection to a bank in St. Paul, at the expiration of three months, and that appellants appeared at the bank and paid the amount then due, $95, which sum was indorsed on the back of the note. Although appellants claim they did not know the payment was made upon the note and indorsed thereon, they have offered no reasonable explanation as to how the $95 came to be paid at that particular time, even on their own theory that they were bailees, selling on account for the profit of both parties, for according to their testimony they had then sold only $15 worth of the goods. Again, when the second instalment came due, the bank notified appellants that it held the note for collection, and appellants made no claim at that time that they had not executed a promissory note, but wrote Lyon-Taylor Company at Iowa City that they were unable to make the payment, that they had sold only $31 worth of goods, and that the goods were not as represented. It also appears that January 14, 1905, appellants were informed by respondent that it was the owner of the note, and that $95 would be due January 29, and yet appellants made no denial of its execution by them until about a year from that date.

The evidence bearing particularly upon the alleged fraud, as claimed by appellants, is as follows: One of appellants testified that after the goods had been delivered by Mr. Crane, the salesman, he was shown a typewritten document to sign; that he read the same, and found it was a receipt for the goods, and, supposing it to be all right, stepped back to the prescription counter to get a pen, and came back and signed it, without any more than glancing at the first line or two, which read the same as before. The court submitted the question to the jury, and a verdict was returned for appellants. Thereupon re-

102 M.—27

spondent made a motion in the alternative for judgment notwithstanding the verdict or for a new trial, and the court granted the motion for judgment notwithstanding the verdict. The appeal presents the single question whether there is any evidence in the record which reasonably tends to support the verdict?

It appears from the memorandum of the trial judge that he placed his decision upon the ground that the evidence was conclusive that appellants were guilty of negligence in signing the note, conceding there was testimony tending to show that a fraud was perpetrated upon them by leading them to suppose they were signing a receipt. Appellants contend that there is some evidence in the record tending to support their claim that fraud was practiced upon them in securing a note in the place of a receipt, and that the question of their negligence in signing the note was for the jury, under the provisions of section 2747, R. L. 1905. It was held in O'Gara, King & Co. v. Hansing, 88 Minn. 401, 93 N. W. 307, that in order to bring the statute into operation there must be some evidence to raise an issue of the kind referred to. While the statute requires the question to be tried by a jury, it does not do away with the general rule that the findings of the jury must be sustained by evidence fairly and reasonably tending to support the same. Appellants may have been persuaded to enter into an injudicious contract for the purchase of cheap jewelry; but the defense that they did not become bound by the contract, and did not execute the note upon which this suit is founded, is not sustained by the mere fact that one of them testified that he thought he was signing a receipt, and not a note.

Affirmed.