SIBLEY COUNTY BANK v. CATHERINE SCHAUS.[1]

June 12, 1908.

Nos. 15,698—(105).

**Verdict Sustained by Evidence.**
  Evidence examined, and *held* sufficient to sustain the verdict of the jury.

Action in the district court for Sibley county to recover $152.56 upon a promissory note. The case was tried before Morrison, J., and a jury which returned a verdict in favor of defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Francis Cadwell,* for appellant.
*W. H. Leeman,* for respondent.

BROWN, J.

Defendants Catherine and Joseph Schaus, mother and son, made and delivered their certain promissory note to one H. P. Schaefer, who in the regular course of business, for value, and before the maturity thereof, indorsed, transferred, and delivered the same to plaintiff, a banking corporation, which thereafter brought this action to

[1] Reported in 116 N. W. 928.

recover thereon. Defendant Catherine interposed in defense that her signature to the note was procured by fraud and fraudulent representations, and a verdict was rendered in her favor. The action was dismissed as to defendant Joseph; it appearing on the trial that at the time he gave the note he was a minor. Plaintiff appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The sole question presented on this appeal is whether the evidence is sufficient, under section 2747, R. L. 1905, to sustain the defense of fraud alleged in defendant's answer and to negative negligence on the part of defendant Catherine in signing the note without investigating and knowing its contents. Certain exceptions to the refusal of the court to charge the jury in accordance with special requests involve the sufficiency of the evidence to sustain the defense; it being the contention of plaintiff that there was a total failure either to show fraud in procuring the signature of defendant or to negative negligence on her part in signing the note.

A careful consideration of the record leads to the conclusion that the verdict, having been approved by the trial court, should not be disturbed. Though the evidence does not make out a strong case of fraud, it is sufficient within the rule controlling the court in such cases. The same may be said on the question of negligence of the defendant Catherine in signing the note without knowledge of its contents. A review of the evidence would serve no useful purpose as a precedent, and we content ourselves with the statement that the record has been carefully examined and the argument of counsel for appellant fully considered with the result stated. O'Gara, King & Co. v. Hansing, 88 Minn. 401, 93 N. W. 307, and Johnson County Sav. Bank v. Hall, 102 Minn. 414, 113 N. W. 1011, are not in point. In those cases there was a total lack of evidence to relieve defendant from the charge of negligence, and we held, construing the statute cited, which provides that the question of negligence in cases of this kind shall be one of fact for the jury, that to bring the statute into operation there must be evidence sufficient to raise an issue on that question. Such evidence appears in this case and was sufficient to take the case to the jury.

Order affirmed.