## CEDAR RAPIDS NATIONAL BANK v. S. L. MOTTLE.[1]

October 13, 1911.

Nos. 17,268—(33).

**Appealable order — assignment of error.**

An order denying a motion in the alternative for judgment notwithstanding the verdict or for a new trial is appealable, and on such appeal an assignment of error that the court erred in denying the motion to direct a verdict is sufficient.

**Promissory note — defense against good-faith purchaser.**

In an action on a promissory note by an innocent purchaser for value, where the maker signed the note knowing that it was a contract of some kind, and that it contained blank spaces to be filled in, though not knowing that the instrument was a promissory note, and the blanks are thereafter filled in by the payee with the amount of the note, negligence on the part of the maker prevents a defense based upon the unauthorized or fraudulent filling in of the blanks.

**Negligence of maker.**

Under R. L. 1905, § 2747, where the negligence of the maker appears conclusively from the evidence, the question should not be submitted to the jury.

**Evidence.**

Evidence considered, and *held* that it conclusively appears that defendant was negligent in signing the note without reading it.

Action transferred to the district court for Pine county to recover $126 upon a promissory note. The reply was a general denial. The case was tried before Stolberg, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's

1 Reported in 132 N. W. 911.

motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed with instructions to the trial court to grant judgment for plaintiff.

*Einar Hoidale, H. L. Hoidale,* and *Ottocar Sobotka,* for appellant.

*L. H. McKusick,* for respondent.

BUNN, J.

Action to recover on a promissory note alleged to have been executed by defendant to the order of the Sterling Manufacturing Company of Cedar Rapids, Iowa, and indorsed to plaintiff. The note is as follows:

"Willow River, Minn., P. O.

"Cedar Rapids, Iowa, Mar. 21, 1908.

"For value received I promise to pay to the order of the Sterling Manufacturing Co., Cedar Rapids, Iowa, one hundred and twenty-six dollars ($126.00) at Cedar Rapids, Iowa, in six (6) instalments, payable as below:

| | |
|---|---|
| Two months after date | $21 00 |
| Four months after date | $21 00 |
| Six months after date | $21 00 |
| Eight months after date | $21 00 |
| Ten months after date | $21 00 |
| Twelve months after date | $21 00 |

"It is agreed that default in the payment of any of the above instalments shall, at the option of the payee herein, render the whole unpaid balance immediately due and payable. Sign here.

"S. L. Mottle."

The defenses pleaded and sought to be proved were: (1) That defendant signed a written instrument, but that it was altered after he signed it. (2) That he was induced to sign the note by fraudulent representations, not believing it to be a note, and without negligence.

The evidence tended to show these facts: The Sterling Manufacturing Company is engaged in selling jewelry. Defendant has a harness and shoe repair shop in Willow River, Minnesota. On

March 21, 1908, he was visited by one Vachon, agent for the jewelry
concern. Vachon, after selling defendant a stock of post cards, im-
portuned him to buy jewelry, but defendant resisted until the agent
had agreed to deliver the jewelry to be sold on commission. After
this understanding was reached, Vachon presented to defendant for
his signature two papers; one an order and contract for the jewelry;
the other the note in suit. Defendant had full opportunity to read
the papers, and was able to read and write, but did not read the
note. He claims that he supposed he was signing a contract that
was intended to express the terms of the verbal agreement, but he
admits that he knew that the writing did not express such agree-
ment; he trusted to the agent to change it. He further says that
he inspected the note sufficiently to notice that the spaces for the
amount of the total sum, and the amount of the instalments were
left blank, but that the rest of the words in the note were there in
print at the time he signed it. Defendant seeks to excuse his fail-
ure to read the papers before him by saying that he was very busy,
and relied upon the honesty of Vachon, a total stranger to him.
The note was, before maturity and for full value, indorsed and
transferred to plaintiff. There is no claim that plaintiff is not an
innocent purchaser for value. Defendant refused to accept the
jewelry, and refused to pay the note.

The trial court denied plaintiff's motion to direct a verdict, and
submitted the case to the jury, instructing in effect that defendant
was entitled to a verdict, if the figures indicating the amounts of
the payments were inserted in the note after it was signed and de-
livered by defendant, and if defendant was not negligent in sign-
ing the note. The verdict was for defendant, and plaintiff appealed
from an order denying its motion in the alternative for judgment
notwithstanding the verdict or for a new trial.

1. The only error assigned is the refusal of the court to direct a
verdict for plaintiff. Respondent asks that the appeal be dismissed,
because that part of the order appealed from that denies a new trial
is not assigned as error. But the order was clearly appealable, and
it was not necessary to assign as error any ruling that appellant did
not wish reviewed. The motion to dismiss the appeal is denied.

2. We are of the opinion that plaintiff's motion for a directed verdict should have been granted. Taking the view of the evidence most favorable to defendant, it appears conclusively that he was negligent in signing the paper. Even assuming that he did not know the instrument was a note, he had full opportunity to read it, and he did inspect it with sufficient care to enable him to testify that it contained the same printed matter as the note received in evidence, with the blanks left for the amount of the note and the amounts of the instalments not filled in. If he knew that the instrument was a note, the law is clear that he has no defense, as against an innocent purchaser, based on the filling in of the blanks by the holder before the note was transferred. Filling in blanks obviously left for the purpose of being filled in is not forgery or an alteration of the instrument. It is presumed that the holder was authorized to insert the correct amounts in the blank spaces, and, if he inserts amounts other than the correct ones, the maker has no recourse, as against a purchaser for value, without notice of the fraud. But, where the signer does not know that the instrument is a note, as where he signs a paper containing blank spaces, supposing it to be some other contract, the law is that, if he was negligent in signing such instrument, he cannot avail himself of the defense of fraud in filling in the blanks contrary to authority, as against an innocent purchaser. This is an application of the established rule that, where one of two innocent parties must suffer the loss, the one whose negligence contributed to cause the loss must stand it.

We feel obliged to hold that defendant's negligence conclusively appeared from his own testimony. Indeed, defendant admits that he was careless, and this frank admission is fully warranted by the fact that he signed his name to a paper laid before him by a perfect stranger, with full opportunity and ability to read it, but without doing so, though knowing that it was a contract of some kind. and noticing that it contained printed matter, with blanks left for the insertion of written words and figures. The fact that he was "busy," or the fact that he relied on the honesty of the agent, does not excuse him.

Defendant's negligence also prevents relief under R. L. 1905, § 2747. His negligence appearing conclusively, there was no issue for the jury. Plaintiff's motion for a directed verdict should have been granted.

The order appealed from is reversed, with instruction to the trial court to grant judgment for plaintiff for the amount of the note and interest.