## JOHNSON COUNTY SAVINGS BANK v. C. H. WEIBY.[1]

June 12, 1914.

Nos. 18,539—(80).

**Promissory note — evidence of fraud.**

Evidence considered and *held* sufficient to justify the jury in finding that defendant was induced to sign a promissory note by fraudulent representations, trick or artifice, as to the nature or terms of the instrument, that he did not believe the instrument to be a promissory note, and that he was not guilty of negligence in signing the paper without knowledge of its terms.

Action in the district court for Otter Tail county to recover $330.-99 on a promissory note. The answer, after setting out the facts of the transaction with the Equitable Manufacturing Co., alleged that it presented a written contract prepared by it for defendant's

1 Reported in 147 N. W. 823.

signature, and that relying upon the representations of that company, defendant consented to sign that contract and wrote his name to the contract, believing he had signed for the purpose of handling its goods; that if a note payable to that company bore the signature of defendant, the same was obtained by fraudulently and without defendant's knowledge or consent substituting the note in place of the contract between him and defendant at the time he signed his name thereto; that defendant never signed such note knowingly or intentionally, and if he did sign, he signed the same believing he was signing the contract described. The case was tried before Parsons, J., who denied defendant's motion to dismiss the action and his motion to direct a verdict in his favor, and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment in its favor notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Coppernoll & Woolley,* for appellant.

*Hilton & Thompson,* for respondent.

BUNN, J.

This is an action to recover on a promissory note made by defendant to the Equitable Manufacturing Co. and indorsed and delivered before maturity to plaintiff. The defense was that the note was procured by fraudulent representations, trick and artifice on the part of the agent of the Manufacturing Co. The case was tried to a jury, and a verdict for defendant rendered. Plaintiff appeals from an order denying its motion in the alternative for judgment or for a new trial.

On the trial plaintiff put in evidence the note and a contract for the purchase of jewelry, both signed by defendant, and rested. Defendant testified in his own behalf and rested. There was no evidence in rebuttal. The substance of defendant's testimony was as follows: He had been a blacksmith in Dalton for 20 years, and in 1910 opened a store in Clarissa. On the evening of April 22, 1910, a stranger called at his store and told of the golden opportunity to help his business by displaying and selling a stock of jewelry.

The terms orally given by the stranger, who was the agent of the Equitable Manufacturing Co., an Iowa and Chicago cheap jewelry concern, were that the jewelry should be delivered to defendant, who would sell it, and remit the proceeds to the Equitable Co., which would, at the end of the year, take back anything that was unsalable. The agent presented a written contract or order to defendant, who signed it. Defendant was a foreigner and unable to understand the terms of the contract. He testified that he signed but one paper, and did not sign a note. As a matter of fact the note was at the bottom of the contract and on the same sheet, separated by a narrow space containing a perforated line. Defendant actually signed his name twice on this sheet, first at the end of the contract, and again at the bottom, under the note.

The defense is based upon R. L. 1905, § 2747, which has been frequently construed and applied in our decisions. Under this statute, defendant was not liable if his signature was obtained by fraudulent representation, trick or artifice, as to the nature or terms of the instrument, and if he did not believe it to be a promissory note, and if he was not guilty of negligence in signing the paper without knowledge of its terms. The evidence of fraudulent representations, trick and artifice was sufficient, as was the evidence of defendant that he did not believe it was a note. The chief contention of plaintiff is that it conclusively appeared that defendant was guilty of negligence in signing the paper without knowledge of its terms. We have held that the provision of section 2747, that makes the question of negligence in these cases one for the jury in all cases, does not dispense with the rule that there must be reasonable evidence to sustain a verdict, and does not prevent the direction of a verdict where the evidence of negligence is conclusive. O'Gara, King & Co. v. Hansing, 88 Minn. 401, 93 N. W. 307; Johnson County Savings Bank v. Hall, 102 Minn. 414, 113 N. W. 1011; Cedar Rapids Nat. Bank v. Mottle, 115 Minn. 414, 132 N. W. 911. In each of these cases the evidence of negligence was held conclusive. But the case at bar differs in important particulars from those cited. The feature in the present case that to our minds re-

lieves defendant from being charged with negligence as a matter of law is the appearance of the paper that he signed. The note was not a separate paper, was neither in form nor appearance like the ordinary note. It is entirely possible that by a clever trick in folding the paper the note part of it would be entirely concealed. This may account for defendant's belief that he did not sign the note. See Yellow Medicine County Bank v. Wiger, 59 Minn. 384, 61 N. W. 452. Considering the peculiar nature of the paper presented to defendant for his signature and his partial inability to read and understand printed English, we think it ought not to be said as a matter of law that he was guilty of negligence in signing the instrument without knowing it was a note. There was no conflict in the evidence, and, considering it all, we reach the conclusion that the questions were for the jury, and that the verdict in defendant's favor is supported by the evidence. Sibley County Bank v. Schaus, 104 Minn. 438, 116 N. W. 928; Farris v. Koplau, 113 Minn. 397, 129 N. W. 770.

We have not overlooked the fact that defendant made a payment on account of the jewelry, or the letter that he wrote to plaintiff's attorneys. We see nothing here that is inconsistent with his claim of fraud. The letter shows that defendant, though he had sold his business, held the jewelry for the manufacturing company.

Order affirmed.