## NATIONAL FARMERS BANK OF OWATONNA v. OSCAR NYGREN.[1]

### November 1, 1918.

### No. 20,914.

**Bills and notes — negligence of maker — evidence.**

The evidence was sufficient to justify the jury in finding that the defendant was not negligent in signing a promissory note which was procured by fraud and sold to the plaintiff, an innocent purchaser.

Action in the district court for Wabasha county to recover $337 upon a promissory note. The answer alleged the note was procured by fraud. The case was tried before Callaghan, J., who at the close of the testimony denied motions for directed verdicts, and a jury which returned a verdict for defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Murdoch & Lothrop,* for appellant.

*George H. Hammond,* for respondent.

[1]Reported in 169 N. W. 228.

141 M.—4.

PER CURIAM.

This is an action on a promissory note. There was a verdict for the defendant. The plaintiff appeals from the order denying its alternative motion for judgment or for a new trial.

The note was made by the defendant to the order of himself, and indorsed by him. It was delivered to the Clefton Company and by the company indorsed to the plaintiff. The defense is that it was procured by fraud. The statute provides that no person whose signature is obtained to a promissory note shall be liable, if it is made to appear that it was obtained by fraudulent representation, trick or artifice as to the nature of the contract signed; that at the time he did not believe it to be a promissory note; and that he was not guilty of negligence in signing the paper without full knowledge of its terms. G. S. 1913, § 6015.

Under the charge of the court it is to be taken as a fact that the plaintiff was a bona fide purchaser. It is conceded that there was evidence to support a finding that the contract between the parties was procured by fraudulent representations made by the salesmen of the Clefton Company as to the contents of the various papers executed at the time. The question before us is whether the evidence was such that the jury might conclude from it that the defendant was not negligent in signing the paper.

At the time the note was signed, the Clefton Company made an agreement to put into the plaintiff's house, a few miles out from Lake City, an acetylene lighting plant. The fraud claimed related to the nature and terms of the contract. At the time, two papers, both relating to the acetylene plant, were signed. At the same time the defendant signed the note, which was made payable to himself, and indorsed it. Altogether he signed his name four times. Considerable negotiation was had. His testimony is not clear at to what he thought it all meant. He says he was not sure what he was signing. He did not know that he was signing or indorsing a note. He would not have signed one. There was some talk about his giving a permit to put the lighting plant in. There was some talk of an agency contract which he was to have, and through it he was to get commissions. His signing, perhaps, had some reference to this. When he put his name upon the back of the note, it was, he

says, in response to a request that he write his name and address in full, and they so appear on the back of the note.

If the defendant signed the note at the bottom without seeing what was above, and without being prevented by some fraud or trick practiced upon him, it would seem within our holdings, of which Cedar Rapids Nat. Bank v. Mottle, 115 Minn. 414, 132 N. W. 911, and Johnson County Sav. Bank v. Hall, 102 Minn. 414, 113 N. W. 1011, are representative, that he could not well be relieved from responsibility as a maker. The situation, however, is substantially different in this case. By signing the note at the bottom the defendant assumed no liability, for it was payable to himself. Negligence in respect of such signing resulted in no harm to the plaintiff. When he indorsed the note he made it a legal obligation. The question of his negligence is to be determined by looking at what he did when he made the indorsement. He did not understand, so he testified, that he was indorsing a note. He supposed he was writing his name and address, as requested by the agents, and had no notion that he was signing or indorsing a promissory note.

The jury was the judge of the credibility of the defendant and the reasonableness of his claim. The evidence is not clearly or manifestly against the verdict and we cannot disturb the same.

Order affirmed.

QUINN, J. (dissenting).

I am unable to concur in the conclusion of the majority of the court. I think the evidence conclusively shows that, in signing and indorsing the note, defendant was negligent.