# OWOSSO SUGAR COMPANY v. P. A. DRONG.[1]

May 8, 1925.

No. 24,630.

**Signature of defendant procured by fraud.**
1. The evidence sustains the finding of the jury that the signature of the defendant to the note upon which suit is brought was procured by fraud, that he did not believe it to be a note, and that he was not negligent in signing.

**No affirmance, as matter of law, after knowledge of fraud.**
2. The defendant did not affirm the note, as a matter of law, after obtaining knowledge of the fraud.

1. See Bills and Notes, 8 C. J. pp. 1052, 1053, § 1361.
2. See Bills and Notes, 8 C. J. p. 1066, § 1382 (1926 Anno).

Action in the district court for Todd county upon a promissory note. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Frederick J. Miller* and *R. B. Brower*, for appellant.
*Henry F. Prinz* and *W. J. Stephens*, for respondent.

DIBELL, J.

Action on a promissory note. There was a verdict for the defendant. The plaintiff appeals from the order denying its alternative motion for judgment or a new trial.

1. The statute provides that no person shall be liable upon a note "if it be made to appear that the signature was obtained by fraudulent representation, trick, or artifice as to the nature and terms of the contract so signed, that at the time of signing he did not believe it to be a bill of exchange, promissory note, or other paper negotiable

[1]Reported in 203 N. W. 610.

under the law merchant, and that he was not guilty of negligence in signing such paper without knowledge of its terms." G. S. 1923, § 7247; G. S. 1913, § 6015. The case was tried upon the theory that the statute embodies the applicable law. The court in effect charged that the signature attached to the note was that of the defendant, though the answer denied it, and left it to the jury to find whether it was procured by fraud as to the nature and terms of the contract, whether he believed it to be a note when he signed, and whether he was negligent in signing. Whether the statute changes the common law, when the rights of a purchaser have not intervened, we need not inquire. A late case under the statute is Albrecht v. Rathai, 150 Minn. 256, 185 N. W. 259, where some of the cases are noted. And see Dunnell, Minn. Dig. § 1019.

The plaintiff was the owner of a Belgian stallion. In the spring of 1921, it sent its agent, one Arntz, to sell to farmers in the vicinity where the defendant lived so-called "breeding certificates" which entitled them to the service of the stallion for a stated number of colts. On April 7, 1921, the defendant gave his note for $120, payable in three annual instalments, and received a breeding certificate to the effect that he had purchased the services of the stallion to breed six colts and had settled therefor.

The defendant is a Pole, long a resident and citizen of this country. He reads English in a way but not understandingly. His testimony, supported by that of others, is that Arntz represented that the paper which he signed was an agreement that he would breed his mares to the stallion, pay $20 per colt; that he was not required to pay unless colts resulted; that nothing was said about notes, and that he did not know that the paper was a note. Arntz was not a witness. There was no explanation of his absence. The evidence justifies the jury's finding that the signature of the defendant was procured by fraudulent misrepresentations as to the nature and terms of the contract, that he did not believe the paper to be a note, and that he was not negligent in signing. Upon such facts alone the plaintiff cannot recover.

2. But the plaintiff urges that after knowledge that he had signed a note as a part of his contract the defendant affirmed it by continuing to breed his mares.

The defendant was informed that he had given a note when the agent of the plaintiff was around collecting in 1922. He bred his mares in 1923 and 1924, though he refused to pay the note and claimed he had not signed it. This is claimed to constitute an affirmation of the contract of which the note was a part. It should not be held so as a matter of law. See Dunnell, Minn. Dig. § 1815. The defendant says: "I wanted to fulfil my contract and my agreement." There was continually in his mind, if his story which the jury accepted is true, that he was under obligation to furnish the mares for three years. That to him was his contract. The note was not shown to him, if we have the evidence correctly, or at least the jury could so conclude, until July, 1924. He was living up to what he claimed the contract was. The question of affirmation was for the jury.

Order affirmed.