FARM MORTGAGE & LOAN COMPANY v. O. M. PEDERSON.[1]

October 9, 1925.

No. 24,860.

**Questions for jury whether defendant was induced by trickery to sign notes and whether he was guilty of negligence in being so induced to sign.**

1. The court did not err in submitting to the jury the defense that defendant was by trickery and fraud induced to sign the promissory notes in suit, not knowing them to be such, and that he was not guilty of negligence in being thus led to sign them, and plaintiff was not entitled to judgment non obstante.

**Not error to sustain objections to questions on immaterial matters.**

2. No reversible error is found in the rulings sustaining objections to questions calling for immaterial matters or facts which appeared from documents. The leading questions, to which objections were saved, related to an issue not submitted to the jury.

**Immaterial whether plaintiff was innocent holder in due course.**

3. Whether plaintiff was an innocent holder in due course was immaterial to the defense submitted to the jury, and there was no sub-

[1]Reported in 205 N. W. 286.

stantial error in the charge. If the language of·the court in one or two clauses of the charge was such that plaintiff was apprehensive that the jury might be misled thereby, it was of such character that the attention of the court should have been called thereto before the jury retired.

1. See Bills and Notes, 8 C. J. pp. 1065, 1066, § 1382; Judgment, 33 C. J. p. 1185, § 114.

2. See Bills and Notes, 8 C. J. p. 1020, § 1333; Evidence, 22 C. J. p. 980, § 1226.

3. See Bills and Notes, 8 C. J. p. 1073, § 1395; Trial, 38 Cyc. p. 1790.

Action in the district court for Murray county to recover upon five promissory notes. The case was tried before Nelson, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying its motion for judgment notwithstanding the verdict or·for a new trial. Affirmed.

*Faber & Grottum* and *Haycraft & McCune*, for appellant.

*James H. Hall* and *Charles Dealy*, for respondent.

HOLT, J.

In this action upon promissory notes, signed by defendant and transferred to plaintiff, a verdict was rendered for defendant. Plaintiff appeals from the order denying its motion for judgment notwithstanding the verdict or a new trial.

In the spring of 1920, San Benito Land Company, a corporation with its home office in Kansas City, Missouri, was engaged in disposing of land in Texas. Its agent, one Hutchinson, induced defendant, a resident of this state, and some of his neighbors to go and see the land with an excursion party gotten up and mostly paid for by the company. On the way home from viewing the land, defendant bought 10 acres at $700 an acre and entered into a contract therefor, dated May 26, 1920. The contract recites $200 paid and three promissory notes given for $3,300 due March 1, 1921, as earnest money, and provided that, on the payment of said earnest money notes, the company would execute a warranty deed reserving vendor's lien for the amount of $3,500, for which defendant shoul

execute vendor's lien notes payable in 5 equal instalments. The deed with abstract and the opinion of a named attorney as to the state of the title were to be delivered within a reasonable time after the earnest money mentioned had been paid.

In the following month the agent who negotiated the contract came to defendant where he was cultivating corn and, after some general talk, produced some papers on which he wanted defendant's signature saying: "It is just a form of paper this land company is using for you to fill out, so that they can issue to you the proper deed when the time comes." Defendant testified that he objected, that he said he desired to consult his banker or some business man before he signed any papers, that he said: "I cannot read very good; I cannot see to read." He also noticed that there was much fine print on the papers, and he had no glasses, but that the agent finally persuaded him to sign on the assurance that it "was a form they have to go through to get a deed for the Texas land." The evidence discloses that defendant is unschooled; that he cannot read without glasses; and that he is a Norwegian and reads English with great difficulty. The notes were delivered to plaintiff in June, 1920, as collateral to a loan of $8,000 made the land company in February before, and were also to be collateral to a subsequent loan of $23,000 made in October following. There is testimony that there is unpaid on these loans over $9,000.

Defendant relied on misrepresentation and fraud inducing the contract of purchase. The court refused to submit that issue, and the jury were charged that plaintiff was entitled to a verdict, unless defendant had established that the notes in suit were obtained by trick or artifice so that he did not know that he was signing promissory notes, and that he was not guilty of negligence in so signing the same. Appellant urges that, since the contract calls for these notes, there could be no trickery worked on defendant in obtaining the same and that, at any rate, the land company got merely what it was entitled to, and further that defendant under the decision of Mackey v. Peterson, 29 Minn. 298, 13 N. W. 132, 43 Am. Rep. 211, was negligent as a matter of law. We think there was sufficient

evidence of trickery and misrepresentation to go to the jury. There was no evidence to contradict defendant as to what was said and the circumstances under which his signature was obtained. It is doubtful whether under the contract the land company was entitled to these notes at the time. Had the suit been by the land company upon the contract for specific performance or by defendant for rescission, the testimony would likely have been sufficient for him to win. It cannot be said that the company was entitled to the notes as a matter of legal right.

Was the defendant negligent as a matter of law? The so-called vendor's lien notes did not have the appearance of the usual promissory note. Defendant had no reason to anticipate that he would be asked to sign the notes at that time. They were not exacted or asked for when the earnest money notes were given, and the contract is rather blind as to when they should be executed. It says nothing of interest. Possession is not to be had until the deed is given and accepted. The deed is to have a vendor's lien reservation clause and the notes are to be vendor's lien notes. In other words, the notes and deed are to constitute a mortgage in favor of the land company for the unpaid purchase price. It would be reasonable for defendant to suppose that those notes were to be delivered when the deed was received. At any rate, the evidence exonerating defendant from negligence is such that the court was required to submit the issue to the jury. Section 7247, G. S. 1923, was expressly retained by the Uniform Negotiable Instruments Act (G. S. 1923, § 7239, § 195 of the act). Under that section the defendant was entitled to have the jury determine the issue of negligence if there was any substantial evidence that he was not. The statute was passed after the decision in Mackey v. Peterson, supra. It certainly was not intended thereby to make the law more stringent against the one tricked into signing a promissory note under the belief that it was a paper of a different import—rather the reverse. But, of course, the burden is upon the one invoking the statute to prove that he was not negligent, and, where there is no evidence offered to show that he was not guilty of negligence in signing without know

ing the terms of the instrument, the court need not submit the question to the jury. Merchants State Bank v. Umlauf, 160 Minn. 255, 199 N. W. 819. We are of the opinion that plaintiff is not entitled to judgment notwithstanding the verdict.

Nor do we think the errors assigned entitle to a new trial. Whether the contract provided for the notes in suit was best answered by the contract itself. And whether defendant's first answer alleged anything about signing the notes in the cornfield was quite immaterial. The refusal to let defendant answer questions on these subjects cannot be considered reversible error. The leading questions to which objections of plaintiff were overruled did not bring out any fact bearing upon any issue that was permitted to go to the jury.

We see nothing upon which to reverse in the charge. The court held as a matter of law that plaintiff was an innocent holder and charged directly and unequivocally that it was entitled to a verdict, unless defendant established that he was tricked into signing the notes, not knowing them to be such, and that in so doing he was not guilty of negligence in not learning that they were notes. The remark in the charge that it did not matter whether plaintiff was an innocent holder or not, could not have prejudiced. On the sole defense submitted the statement was true. Albrecht v. Rathai, 150 Minn. 256, 185 N. W. 259. The first clause of the last sentence upon which the second error in the charge is claimed is not quite clear, but it is not deemed of any importance. We have already touched the substance, and held that defendant is not deprived of the defense submitted to the jury, because the contract called for lien notes.

The remark of the court in the part of the charge to which the last assignment of error relates, viz: "—Then, if you find that his signature was obtained, whether he signed one or all of them is not so material, but whether he signed one or all of them, if he was tricked into signing the notes, and he did not know that he was signing them and if he was not negligent, then your verdict must be for the defendant." The answer admitted that the notes in suit were signed by defendant. Plaintiff was uncertain in his

testimony as to how many signatures were written when Hutchinson obtained the same in June, 1920. With the admission in the answer defendant's testimony as to how many times he affixed his name was quite immaterial. And if the words of the court were thought liable to cause confusion, it was a matter that should have been called attention to before the jury retired. We do not think it could affect the jury to the prejudice of plaintiff on the distinct issues of fact submitted.

The order is affirmed.