## JAMES MANAHAN AND ANOTHER v. WILLIAM PUTTBRESE.[1]

November 5, 1926.

No. 25,545.

**Verdict of jury on question whether defendant was tricked into signing note sustained by evidence.**

Evidence considered and *held* ample to justify a finding that defendant's signature was obtained to the note in question by fraudulent representations, trick and artifice as to whether at the time of signing he believed the paper to be a promissory note and whether he was negligent in signing the same.

Bills and Notes, 8 C. J. p. 1052 n. 50.

Plaintiffs appealed from an order of the district court for Roseau county, Watts, J., denying their motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Alexander Fosmark, J. D. Hoogesteger* and *Kathryn Manahan,* for appellants.

*J. M. Bishop* and *H. O. Berve,* for respondent.

QUINN, J.

Action upon a promissory note. In his answer defendant denies that he ever executed the note and that, if his signature appears

[1]Reported in 210 N. W. 625.

thereon, it was obtained by false representations, trick, artifice and fraud. There was a verdict for the defendant. From an order denying their motion for judgment or a new trial, plaintiffs appealed.

The statute provides that no person shall be liable upon a promissory note if it be made to appear that the signature thereto was obtained by fraudulent representation, trick or artifice as to the nature and terms of the contract so signed; that at the time of signing he did not believe it to be a bill of exchange, promissory note or other paper negotiable under the law merchant, and that he was not guilty of negligence in signing such paper without knowledge of its terms. G. S. 1923, § 7247.

The trial court instructed the jury that in his testimony the defendant admits having signed the note and that the receivers are entitled to a verdict for the amount of the note with interest unless the defendant has shown that he should not be held liable thereon upon the grounds of fraud and deceit set forth in his answer.

The defendant was born in a foreign country, came to the United States some 35 years ago and at the times here material was unable to read English to any material extent. He lived upon a farm near Strathcona in Roseau county. There was a movement on foot to organize a farmers co-operative company in that locality and to raise money to build an elevator at Strathcona. On July 21, 1919, while defendant was in his field at work, a solicitor for such proposed elevator company, accompanied by the cashier of a bank at Strathcona where the defendant did his banking business, approached the defendant for the purpose of inducing him to join in the effort of organizing such co-operative company. Defendant's son, about 35 years of age, was present. After considerable solicitation by the solicitor, two papers were prepared and presented to the defendant for his signature. Defendant testified that he could not read the papers; that he asked the cashier, Mr. Norby, to read and explain the same to him; that Norby informed him the papers were an agreement to meet with the rest of the farmers to see if they could raise money to build an elevator, the same as the solicitor had explained to him; that nothing was said about his giving a promissory note

for any amount whatever, and that no note was talked about; that he signed two papers, one of which contained the names of a number of farmers; that he did not ask his son to read the papers to him because he thought the cashier could read them more readily and explain them better, and that he had implicit faith in the cashier so doing; that he did not intend to sign, nor did he sign, any promissory note to his knowledge; that he never, at any time, signed any other papers in connection with the organization of such co-operative association.

No complaint is made as to the manner in which the trial court submitted the issues to the jury. The jury evidently adopted the story of the defendant, and returned a verdict in his favor. It is clear that the evidence made a question of fact for the jury as to whether defendant's signature was obtained to the note in question by fraudulent representations, trick or artifice as to the nature and terms of the contract so signed; whether, at the time of signing the same, the defendant believed it to be a bill of exchange or promissory note, and whether he was negligent in signing the same. The findings of the jury are final.

Affirmed.