WISMO COMPANY v. D. J. MARTIN.[1]

August 5, 1932.

No. 28,876.

[1]Reported in 244 N. W. 76.

594

*E. P. Adams* and *E. A. Kling,* for appellant.
*Frederick J. Miller,* for respondent.

Dibell, J.

Action to recover upon a judgment of the municipal court of Chicago entered upon a warrant of attorney to confess judgment upon a promissory note. The plaintiff interposed three demurrers to three separate portions of the answer. They were overruled with

leave to reply. The plaintiff replied, and the case went to trial. There was a verdict for the defendant. From the judgment the plaintiff appeals.

■ On March 6, 1930, judgment was rendered in favor of the plaintiff and against the defendant in the municipal court of Chicago on a warrant of attorney to confess judgment in the sum of $248.34. The cause of action was upon a note made by the defendant to the Burton-Page Company and by it assigned to the plaintiff. It was given for a milking machine sold by the Burton-Page Company to the defendant through its agent. The defense was fraud practiced by the agent in procuring the note.

A demurrer was interposed to each of the three portions of the answer alleging fraud. Each demurrer was overruled with leave to reply. It is unnecessary to discuss them. The plaintiff took advantage of the leave to reply and went to trial. It thereby waived all right to insist upon the direct claim that the demurrers should have been sustained. See Thompson v. Ellenz, 58 Minn. 301, 59 N. W. 1023; Cook v. Kittson, 68 Minn. 474, 71 N. W. 670; Disbrow v. Creamery P. M. Co. 110 Minn. 237, 244, 125 N. W. 115; Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 7561a, 7562. Of course it did not waive an objection to the sufficiency of the facts alleged or proved, but it cannot allege as error the ruling on the demurrers.

■ The note upon which the Chicago judgment was based was given by the defendant to a traveling salesman of Burton-Page Company as part of a transaction involving the purchase by the defendant of a milking machine. The claim of fraud upon which the case is decided is that the defendant did not understand that he was giving a note and that the agent represented that there was none. The defense is based on G. S. 1923 (2 Mason, 1927) § 7247:

"No person, nor the heirs or personal representatives of any person, whose signature is obtained to any bill of exchange, promissory note, or other paper negotiable under the law merchant, shall be held liable thereon if it be made to appear that the signature was obtained by fraudulent representation, trick, or artifice as to the

nature and terms of the contract so signed, that at the time of signing he did not believe it to be a bill of exchange, promissory note, or other paper negotiable under the law merchant, and that he was not guilty of negligence in signing such paper without knowledge of its terms. The question of negligence in any suit on such contract shall in all cases be one of fact for the jury, and the person sought to be charged thereon shall be entitled to have the question of his negligence submitted to a jury."

This statute was not repealed by the negotiable instrument act. G. S. 1923 (2 Mason, 1927) § 7239; 5 U. L. A. § 195.

The defendant signed a paper at the bottom. Above his signature and near the middle was a perforated line. Above this perforated line was a contract or order for the sale of the machine which contained a direction that, unless cash was paid, the portion below, in the form of a note, should be filled in and later would be detached by the Burton-Page Company. This he signed.

To constitute a defense under the statutes it must be shown that the note was obtained by a false representation, trick, or artifice; that the maker did not believe he was signing a negotiable instrument; and that he was not negligent in signing without knowledge of its true character.

The defendant was a farmer 66 years old. He was an intelligent man. He writes a good letter. He had been town clerk for many years and at the time was clerk of the school board. The agent came to him where he was in the field plowing. It was the middle of the afternoon of October 22, 1929. The agent assured him, so he says, that there was not a note among the papers signed. He says he would not have signed if he had known there was a note. He did not have his glasses and was unable to see. He signed the upper portion, the order, in the field. Then they went to the house, he got his glasses, and he signed the portion of the paper which was a note and gave his check for the first payment.

The agent claims that after some negotiations they drove to the house and that the note was signed there, the defendant knowing exactly what it was. That they went to the house is true. The

agent's testimony is a little contradictory with itself upon whether the order was signed in the field or at the house; but it is not very important. The defendant is positive. It was for the jury to find the facts. The finding by the jury of fraud is approved by the court, and it is not for us to interfere with it. And so is the finding that the defendant did not believe he was signing a note and that he was not negligent in signing. In this connection we cite the following cases without analyzing or discussing them: Simerman v. Habisch, 178 Minn. 15, 225 N. W. 913; Simerman v. Hackenkamp, 178 Minn. 19, 225 N. W. 915; Manahan v. Puttbrese, 169 Minn. 98, 210 N. W. 625; Farm M. & L. Co. v. Pederson, 164 Minn. 425, 205 N. W. 286; Albrecht v. Rathai, 150 Minn. 256, 185 N. W. 259; Owosso Sugar Co. v. Drong, 163 Minn. 216, 203 N. W. 610; Hinkley v. Freick, 112 Minn. 239, 127 N. W. 940; Sibley County Bank v. Schaus, 104 Minn. 438, 116 N. W. 928; Stevens v. Pearson, 138 Minn. 72, 163 N. W. 769; Johnson County Sav. Bank v. Weiby, 126 Minn. 42, 147 N. W. 823.

The Chicago judgment is entitled to full faith and credit, that is, to the faith and credit it would have in Illinois, where it was rendered. There is no pleading of the statute or decision law of Illinois. Under proper pleadings we have held from time to time that in a suit in Minnesota on a judgment entered on a cognovit note in Illinois the defendant may interpose fraud or fraud and mistake, because this in effect may be done in Illinois and so full faith and credit is given it in Minnesota. C. W. Raymond Co. v. Kahn, 124 Minn. 426, 145 N. W. 164, 51 L.R.A.(N.S.) 251; Gundlach v. Park, 140 Minn. 78, 165 N. W. 969, 167 N. W. 302, where the questions were considered at great length; Albrecht v. Rathai, 150 Minn. 256, 185 N. W. 259; Traders Tr. Co. v. Davidson, 146 Minn. 224, 178 N. W. 735. In Illinois the party defrauded may proceed in its circuit court, its court of chancery, and annul the judgment which is entered on a warrant of attorney if fraud was the basis of it. So in the cases cited we have held that we may reach the same result by a defense against the judgment when suit is brought. We do not find that the briefs urge earnestly or specifically that

there was no proper pleading of the Illinois decisions. If they should have been pleaded more specifically, it is evident from our decisions that the proof could have been supplied, unless there has been a change in the Illinois decision law. And it should be taken, as the record stands, that the plaintiff, as it might very creditably do, declined to raise or litigate the question in which it necessarily would have been defeated. Its counsel was furnished with our holdings upon warrant of attorney judgments rendered in Illinois. It is true that at the beginning of the case counsel did refer to a want of pleading. But at the close of the testimony it asked the trial court to submit specifically the following:

"The plaintiff requests the court to charge the jury:

"1. The burden of proof, in the first instance, is upon the plaintiff, to show, by a fair preponderance, or greater weight, of evidence, the procuring of a valid judgment in another state. When plaintiff furnished a duly certified copy of judgment, duly authenticated, or proved, as required by law, it has complied with this requirement, and has presented what is known as a prima facie case; that is, such a case or such proof as would entitle it to a judgment in its favor were no defense interposed. But the defendant has interposed an answer. He alleges that the signature to the note upon which this judgment was based was procured by fraudulent representations, trick, and artifice; that he did not believe it to be a note and that he was not negligent in signing it. And the burden of proving his defense is upon the defendant. He must satisfy you, by a fair preponderance of the evidence produced by him that,

"1st. At the time he signed the note his signature was obtained by fraudulent representations, trick, or artifice as to its meaning or terms; and

"2nd. That he did not believe it to be note or other negotiable instrument; and

"3rd. That he was not guilty of negligence in signing without knowing its contents.

"If he fails to show any of these three necessary requirements he has not furnished the burden of proof necessary to entitle him to recover, and your verdict must be for the plaintiff."

The court complied with its request.  All were answered by the jury favorably to the defendant.  And now it should be taken to be that the case was tried upon the theory that no proof was necessary or that that offered was sufficient—an entirely proper and time-saving theory.  This ends the case.

Judgment affirmed.

