## EDWARD L. SMITH AND OTHERS v. WILLIAM BERG AND ANOTHER.[1]

October 28, 1932.

No. 28,984.

Theodore Hollister and Lathers & Hoag, for appellants.
Henry G. Middaugh and Amasa E. Wheeler, for respondents.

[1]Reported in 244 N. W. 826.

HILTON, J.

Action in Minnesota to recover from defendants, residents therein, upon a judgment against them in the municipal court of the city of Chicago, Illinois. The judgment was entered on a promissory note, payable in Chicago, pursuant to authority conferred in a warrant of attorney to confess judgment.

The complaint declared on the judgment. The answer denied any indebtedness to plaintiffs; alleged that the Illinois court had no jurisdiction to render the judgment; that in a transaction involving a real estate deal in Chicago false representations were made relative to it and the income therefrom; and that there was fraud and lack of consideration. A counterclaim was also pleaded asking damages for false and fraudulent representations made to and relied upon by defendants, and judgment asked for thereon. Their prayer further asked that plaintiffs be enjoined and restrained from proceeding with the collection of the judgment. The reply among other things set forth in full the so-called judgment note and the warrant of attorney to confess judgment, and alleged that defendants were precluded and estopped from pleading, proving, or in any manner or way asserting any of the new matter set forth and alleged in the answer and counterclaim.

At the trial a duly authenticated copy of the Illinois judgment was received in evidence without objection, whereupon plaintiffs rested. One of the defendants was called for examination on his own behalf; and, after stating his name, objection was made to the introduction of any evidence on various grounds, among others, that the answer did not state a defense or counterclaim. It was stated on behalf of defendants that they intended, and believed they were prepared, to sustain the allegations of fraud as set forth in the answer. The objection was sustained and judgment ordered for plaintiffs. An order was made denying a motion for a new trial and this appeal taken therefrom.

The assignments of error are:

"1. The court erred in refusing to receive evidence on the part of the appellants.

"(a)  That appellants were not indebted to appellees in any sum whatsoever because there was no consideration for the note sued upon;

"(b)  That the court had no jurisdiction over the defendants because the debt sued upon was not bona fide;

"(c)  Because an injunction was asked for restraining the appellees from proceeding with the collection of said alleged judgment.

"2.  Because the court erred in denying appellants' motion for a new trial."

No Illinois statute or decision law was pleaded under which the facts set forth in the answer would constitute a defense.  Defendants made no effort to amend the answer, and no evidence was offered of any statute or decision of Illinois which would permit the defense pleaded; nor was it suggested to the court that defendants would offer any statute or decision of Illinois that would permit proof of the defense alleged in the answer.  The situation here differs from that in Wismo Co. v. Martin, 186 Minn. 593, 244 N. W. 76, where, although the Illinois statute and decision law were not pleaded, the case was tried by acquiescence as to what that law was. On the record the order of the trial court was proper.

Order affirmed.