ELIZABETH C. TAYLOR *vs.* SABANNAH HESS.

Submitted on briefs April 4, 1894. Reversed April 20, 1894.

No. 8371.

**Evidence, declarations of a vendor.**

Rule applied that declarations in disparagement of the title of the declarant, made during the continuance of his title, or while the property was under his control, are admissible as original evidence against those in privity with him.

Appeal by defendant, Sabannah Hess, from a judgment of the District Court of Morrison County, *L. L. Baxter,* J., entered against her May 27, 1893, for $596.67 in favor of plaintiff, Elizabeth C. Taylor, as administratrix of the estate of her deceased husband, James H. Taylor.

*Coppernoll & Willson,* and *B. F. Hartshorn,* for appellant.

On this trial defendant offered to prove the declarations of William Newman concerning his ownership of the notes in suit made by him after the time when Elizabeth C. Taylor claimed to have sold the notes to him, and when he had the notes in his possession. She offered to prove by the witness that in August, 1888, Newman stated that he did not own these notes; that Mrs. Taylor wanted him to buy them but he would not have anything to do with them, and did not want to get into any trouble. This evidence was excluded and defendant excepted.

Whether or not William Newman was a *bona fide* purchaser of the notes before maturity for a valuable consideration in good faith and whether or not the deceased, James H. Taylor, could suc-

ceed to his rights, the title of plaintiff as administratrix of her husband's estate could not be better or of a different character than her husband's title. As Newman's declarations concerning his ownership of the notes go to his own title they go to the title of plaintiff, she being a representative of Taylor his devisee, and as the question of title is involved, the declarations of Newman as to his ownership of the notes are material and relevant, not incompetent as hearsay, and should have been received in evidence. *Wilson* v. *Patrick*, 34 Ia. 362; *Fellows* v. *Smith*, 130 Mass. 378; *Platner* v. *Platner*, 78 N. Y. 90; *Pickering* v. *Reynolds*, 119 Mass. 113; *City of Elgin* v. *Beckwith*, 119 Ill. 367; *Clouser* v. *Ruckman*, 104 Ind. 588; *Baker* v. *Taylor*, 54 Minn. 71; *Hosford* v. *Rowe*, 41 Minn. 245.

*A. P. Blanchard* and *J. N. True*, for respondent.

The court was correct in not permitting the witness Tuttle to testify to conversation in which the deceased Newman while in possession of these notes said he did not own them. Had this been error, it would have been error without prejudice. Defendant claims that these statements were against the interest of the party making them at the time when they were made. There was nothing in the evidence or the offer to show this. The witness Tuttle was a stranger who had no interest in the matter. It could not injure Newman to say to Tuttle that he was not owner of these notes; in fact, he might have had a direct reason for claiming that he did not own them. Men often represent themselves to be poorer than they are, to avoid the payment of taxes under the belief that it is policy to do so. No evidence was introduced or statement made showing the circumstances under which Newman made this remark. Tuttle might have been trying to obtain a subscription or to collect taxes and the making of such a statement might have been directly within the interest of Mr. Newman.

MITCHELL, J. The uncontroverted facts are that the plaintiff, Elizabeth C. Taylor, being the owner of certain real estate in her own right, contracted to sell it to defendant; that for the purchase money the latter executed to the former seven negotiable promissory notes for the aggregate amount of $650, and at the

same time, and as part of the same transaction, the plaintiff and her husband, James H. Taylor, executed to defendant their joint bond, in which, after reciting the execution of these notes, they obligated themselves to convey the land to defendant by warranty deed upon payment of half ($325) the purchase money, and the execution back of a mortgage on the premises for the other half. This bond was placed on record, and, pursuant to its terms, defendant went into, and still remains in, possession of the land. She paid Mrs. Taylor the first of these notes ($50) and one year's interest on the others.    This is all that has been paid on the purchase money.    Subsequently one Hunter obtained and docketed a judgment against Mrs. Taylor, upon which execution was issued, and the land sold as her property, and bid in by Simeon Hess, defendant's husband, for $50.    The time for redemption from this sale has expired, and no redemption has been made, so that the legal title to the land is now in Simeon Hess, defendant's husband.    No deed has ever been executed or tendered to defendant.

This action is brought on five of these purchase-money notes, amounting to $500 and interest.    The last, or seventh, of these notes (for $100) was not yet due when this action was commenced. Thus far the facts are undisputed.

The plaintiff brings this action not in her own right, but as administratrix of the estate of James H. Taylor, her deceased husband.    In her complaint she claims title to the notes by an alleged transfer of the same by herself individually to one Newman, before maturity, and for a valuable consideration, and a bequest of the same by Newman (who has died testate) to her decedent, James H. Taylor.    In her answer, defendant alleges that the alleged transfer of the notes by plaintiff to Newman, if any, was made after the sale of the land on the Hunter judgment, and without consideration, and was merely colorable, to enable the plaintiff to collect the notes notwithstanding the failure of her title to the land by reason of its sale on this judgment.    These were really the only material facts put in issue or controverted on the trial.

It is not necessary to consider what, if any, beneficial interest in the land Simeon Hess acquired by virtue of his purchase on the execution sale.    It is certain that he obtained at least the bare legal title.

By lapse of time, one-half and more of the purchase money had become due, so that the agreement of defendant to pay and the agreement of Mrs. Taylor to convey had become dependent. But Elizabeth C. Taylor can make no conveyance, as the legal title to the land has passed out of her, and it can make no difference whether this has resulted from her voluntary act or from her permitting herself to be divested of the title by a sale on this judgment. But Simeon Hess, the husband, is not a party to this action, and will not be bound by the result. Hence, if his wife, the defendant, be compelled to pay in this action, she may be compelled to pay again to him, in order to obtain a conveyance of the land, or at least compelled to bring a suit against him to compel a conveyance.

Under the old practice, these facts would have authorized an application to a court of chancery for relief against an action at law on the notes; and under the present practice the same facts may be set up as an equitable defense, because they constitute a good reason why plaintiff ought not to recover in this action.

Hence, whatever she might do in an action to which Simeon Hess was a party, and in which the right of defendant to conveyance could be protected, the plaintiff cannot recover in this action unless the estate of her decedent James H. Taylor stands in the position of a *bona fide* indorsee for value before maturity; and, laying entirely to one side any questions arising out of James H. Taylor's liability on the bond to plaintiff, it is clear that his estate cannot stand in any better position than Newman did, because he, Taylor, was not a purchaser of the paper for value.

As bearing on this issue, defendant offered to prove by competent witnesses that after the time plaintiff claims to have sold these notes to Newman, and while he still had them in his possession, he stated that they did not belong to him; the plaintiff wanted to sell them to him, but that he would have nothing to do with them, as he did not want any trouble about them. These declarations of Newman were excluded by the court as hearsay evidence. This was error. According to a very familiar rule, they were, under these facts, admissible against plaintiff, who, as administratrix, is in privity with Newman, as declarations in disparagement of his title. 1 Greenl. Ev. § 109 *et seq.; Hosford* v. *Rowe,*

41 Minn. 245, (43 N. W. 180;) *Fellows* v. *Smith,* 130 Mass. 378. For this error a new trial must be had.

Much is said about defendant's unconscionable scheme "to pay large debts with small means." Such considerations cannot affect the legal questions involved, but it may not be out of place to suggest that some things in the record are at least suggestive of a suspicion that honors may be easy between the parties. Some things indicate that defendant and her husband may be in collusion to avoid paying the full purchase price of the land to plaintiff, while other things might look as if Mrs. Taylor had been contriving to avoid the payment of the judgment against her. Certain it is that the parties have engaged in expensive and complicated litigation, which either one could have avoided at small expense.

Judgment reversed.

(Opinion published 58 N. W. 824.)

Submitted on briefs April 4, 1894.   Affirmed April 20, 1894.