ALECK E. JOHNSON *vs.* HELEN M. JOHNSON.

Submitted on briefs April 4, 1894.    Affirmed April 20, 1894.

No. 8684.

**Assignment of error abandoned.**

An assignment of error not included in the points relied on will be deemed abandoned.

**Res judicata.**

A domestic judgment on the merits is conclusive in a subsequent action between the same parties upon all issues, principal or subordinate, which were actually tried and directly passed upon in the first action.

Appeal by defendant Helen M. Johnson, from a judgment of the Municipal Court of the city of St. Paul, *John Twohy, Jr.*, J., entered December 9, 1893.

The plaintiff, Aleck E. Johnson, was married to defendant July 18, 1876, at Lake City, Minnesota. He owned lot three (3) and

the west half of lot two (2) in block thirty (30) of Rice & Irvine's Addition to St. Paul, and he and wife lived in the house thereon up to 1890. It was their homestead. In that year he removed to Chicago, Ill., but his wife and only child, Florence May Johnson, remained in St. Paul and continued to occupy the house. On July 12, 1892, he procured a judgment of divorce *a mensa* et *thoro* from his wife in the Circuit Court of Cook County, Ill. on the ground of her desertion. Process was not personally served upon her in Illinois. She did not appear in that action and the judgment was entered *ex parte* on default of answer. The wife, Helen M. Johnson, soon after commenced an action against her husband in the District Court of Ramsey County for divorce and alimony and the custody of her child. He appeared and answered and on May 12, 1893, judgment was entered therein, wherein it was ordered, adjudged and decreed that the bonds of matrimony between the parties were dissolved by the decree of the Circuit Court of Illinois; that the wife have the custody of the child during minority and that she recover of her husband $35,000 alimony and have the household goods and other personal property in the St. Paul house. Said allowance was to be in lieu of all her rights and interest in his estate.

He paid the $35,000 and gave her a lease of the house and lots terminable upon thirty days' notice in writing. On September 8, 1893, he gave her such notice, and on October 13, 1893, he gave her a further notice that if she remained she must pay $75 a month rent. On November 15, 1893, he made complaint in the Municipal Court against her as an overholding tenant. She answered that the house was the homestead of the parties prior to 1890, that he deserted her and went to Chicago, Ill. leaving her residing in it, that she and her child had ever since occupied it as such homestead, that it was situated wholly upon lot three (3) and that she had never relinquished her homestead right therein or made any conveyance or relinquishment thereof, and she asked that the case be certified to the District Court for trial and determination. A reply was filed and the Court heard evidence and gave judgment that the complainant, Aleck E. Johnson, have restitution of the premises and that he recover of defendant, Helen M. Johnson, $8.85 costs. She appeals therefrom to this court.

*David F. Peebles,* for appellant.

The defendant alleges that her occupancy of the premises in question is not under the lease but under a homestead right vested in her and her infant daughter by 1878 G. S. ch. 68, § 1, upon plaintiff's alleged desertion of his family. She further claims that because of such homestead right the lease was without consideration and is void. The trial court assumed that this defense was barred by the decrees in Illinois and in this state and that said decrees conclusively estopped the defendant from litigating the issues raised by the pleadings. The lease, if between husband and wife, would be void under 1878 G. S. ch. 69, § 4. *Sanford* v. *Johnson,* 24 Minn. 172. Upon desertion by the husband the wife became vested with the right to occupy the homestead with the same right therein as any other owner of a homestead under the laws of this state. 1878 G. S. ch. 68, § 1. A vested homestead right in the wife could not be divested by the Illinois decree even if valid, because extraterritorial. *Barrett* v. *Failing,* 3 Fed. Rep. 471. Nor could the courts of this state in a suit for adjustment of alimony divest the wife of her separate property. 1878 G. S. ch. 62, § 29. As to the foreign judgment of divorce, and there was none other, it is well settled that it may be impeached for want of jurisdiction, where both parties were residents of Minnesota and where the defendant did not appear in the case. *State* v. *Armington,* 25 Minn. 29; *In re Ellis' Estate,* 55 Minn. 401.

*Moritz Heim,* for respondent.

At the opening of the trial defendant objected to the hearing and to the introduction of any evidence on the ground of want of jurisdiction, and excepted to the overruling of this objection. She assigns this ruling as error, but does not discuss the point in the argument nor does she indicate the reasons for her objection. In such case the point will be deemed to have been abandoned. *Moody* v. *Tschabold,* 52 Minn. 51; *Smith* v. *Bean,* 46 Minn. 138.

The court does not lose jurisdiction until it appears on the trial that an adjudication of title or equitable matter is necessarily involved. *Butler* v. *Bertrand,* 97 Mich. 59; *Radley* v. *O'Leary,* 36 Minn. 173; *Steele* v. *Bond,* 28 Minn. 267.

Defendant cannot avail herself of her supposed defense, because it is equitable in its nature and requires affirmative relief, and cannot be interposed in a proceeding like the present to remove an overholding tenant. *Morton* v. *Beckman,* 53 Minn. 456; *Petsch* v. *Biggs,* 31 Minn. 392.

The jurisdiction over parties and subject matter being unquestioned the domestic judgment in Ramsey County District Court is not in the present collateral proceeding subject to attack for defect. It follows that defendant was precluded from showing by oral testimony that she still remained the wife of plaintiff, that he deserted her, and that the property in controversy is the homestead of herself and child. Those matters were necessarily adjudicated in that action. *In re Ellis' Estate,* 55 Minn. 401; *Sandwich Mfg. Co.* v. *Earl,* 56 Minn. 390; *Mooney* v. *Hinds,* 160 Mass. 469; *Shafer* v. *Bushnell,* 24 Wis. 372.

A woman who remains in her former husband's house after a divorce from him is a trespasser. *Brown* v. *Smith,* 83 Ill. 291.

Where the tenant retains the premises after notice from the landlord that he would require a greater rent than under the lease, the tenant must be held to have assented to the increase of rent, and to this extent the terms of the old lease do not apply. *Gardner* v. *Commissioners of Dakota Co.,* 21 Minn. 33; *Despard* v. *Walbridge,* 15 N. Y. 374.

MITCHELL, J. The defendant's first assignment of error, to wit, that the Municipal Court of St. Paul "erred in assuming jurisdiction to try and determine the action," not being discussed or referred to in the points or argument, must be deemed to have been abandoned.

The judgment of the District Court of Ramsey county, in this state, in the former action between the same parties, was conclusive between them upon all issues, whether principal or subordinate, which were actually tried and directly passed upon, and was not subject to collateral attack, and was decisive, adversely to defendant, of every material issue in the present action, unless it was as to defendant's nonpayment of rent. But an examination of the record satisfies us that the trial proceeded throughout upon the theory that there was no such issue in the case, and that the point was

never once suggested or called to the attention of the court on the trial. There are no merits in the appeal.

Judgment affirmed, and cause remanded, with directions to the court below to enforce the judgment.

(Opinion published 58 N. W. 824.)

