## STEPHEN C. COOK v. C. deC. KITTSON.[1]

June 9, 1897.

Nos. 10,501—(111).

**Pleading—Demurrer—Waiver.**

By answering after his demurrer to the complaint is overruled a defendant waives an exception to the decision on the demurrer.

**Trial—Continuance—Harmless Error in Exclusion of Evidence.**

By stipulation between counsel the trial of an action was postponed for several weeks for the sole purpose of taking the testimony of two of defendant's witnesses, whose names were mentioned in the stipulation. One of these witnesses failed to appear, and when defendant undertook to substitute another person as a witness in his place the court sustained an objection made by plaintiff's counsel and refused to permit him to testify. *Held,* whether the plaintiff had a strict legal right to exclude the testimony, or whether the admission of the evidence was discretionary with the court, that there was no error in the ruling.

**Appeal—Assignments of Error.**

Certain assignments of error *held* to be uncertain, indefinite, and insufficient.

Appeal by defendant from an order of the municipal court of St. Paul, Orr, J., denying a new trial. Affirmed.

*Daniel Murphy,* for appellant.
*Horton & Denegre,* for respondent.

COLLINS, J. Defendant made a written proposition to lease to plaintiff a certain dwelling for the term of three years at a stated

[1] Reported in 71 N. W. 670.

rental per month, which proposition the latter, in writing, accepted. Upon defendant's refusal to comply with the contract, plaintiff brought an action to recover damages for its breach. A general demurrer was interposed to the complaint, which demurrer was overruled. An answer was then filed, and a trial had by the court, without a jury, which resulted in findings of fact and a conclusion of law that plaintiff was entitled to judgment in the sum of $180. This appeal is from an order denying a new trial. Eight assignments of error are presented by counsel for appellant, and these will be taken up in order.

It is first assigned that the court erred in overruling the demurrer. This assignment is of no avail upon appeal from an order denying a motion for a new trial. By answering the defendant waived all exceptions to the decision of the municipal court on the demurrer. The case stands here precisely as if no demurrer had been interposed. Coit v. Waples (1855) 1 Minn. 110 (134); Becker v. Sandusky (1856), 1 Minn. 243 (311).

The second assignment is that it was error to allow "testimony as to specific damages, because the same was not pleaded." We do not quite understand what counsel calls "specific damages," but in any event the assignment is too general and indefinite. And so is the third assignment, that the court erred when permitting plaintiff's witnesses who had never been on the premises, to testify as to rental value of the property.

The fourth assignment is that it was error to overrule defendant's objection to the introduction of any evidence under the allegations of the complaint. This objection seems to have been made at the outset of the trial, in connection with a motion by defendant's counsel for judgment on the pleadings. But he failed to take an exception to the ruling of the court. The ruling cannot now be reviewed.

Under the fifth assignment of error counsel questions the finding "that there was an agreement between the plaintiff and defendant." That there was an agreement of the nature we have mentioned ought not to be doubted. Nothing further need be said upon this assignment.

By the sixth assignment of error counsel challenges a ruling whereby the court refused to permit one Robert Craig to testify in defend-

ant's behalf.    It appears from the record that after quite a lengthy trial it was stipulated between counsel that the further taking of testimony should be postponed for two days, and thereafter it was postponed from time to time for more than six weeks, "solely" for the purpose of taking the testimony of two witnesses for defendant, whose names were mentioned in the stipulation.    On the last day of the trial one of these witnesses failed to appear, and thereupon defendant's counsel undertook to substitute Craig as a witness.    The objection was upon the ground that under the stipulation no testimony could be received except such as might be given by the two persons therein named.    The ruling of the court below, sustaining the objection, must be upheld.    Whether plaintiff had a strict legal right to object to any testimony except that of the two persons named in the stipulation, or whether the ruling must be regarded as discretionary, and not subject to review except for an abuse of discretion, we need not decide. If the plaintiff did not have a strict legal right, under the stipulation, to exclude Craig's testimony, certainly the court did not abuse its discretion when, under the circumstances, it sustained the objection.

The seventh assignment, that the court erred "in its finding and order for judgment," is indefinite and insufficient; and the same must be said of the eighth, that it was error to deny the "motion for a new trial." As authority in support of what has been said in respect to the second, third, fourth, seventh, and eighth assignments of error, see City v. Kuby, 8 Minn. 125 (154); Wilson v. Minnesota, 36 Minn. 112, 30 N. W. 401; Stevens v. City, 42 Minn. 136, 43 N. W. 842; American v. Piatt, 51 Minn. 568, 53 N. W. 877; Dallemand v. Swensen, 54 Minn. 32, 55 N. W. 815; Selover v. Bryant, 54 Minn. 434, 56 N. W. 58; Johnson v. Johnson, 57 Minn. 100, 58 N. W. 824; Yellow v. Wiger, 59 Minn. 384, 61 N. W. 452; Dodge v. McMahan, 61 Minn. 175, 63 N. W. 487; Minneapolis v. Firemen, 62 Minn. 315, 64 N. W. 902; First National v. Holan, 63 Minn. 525, 65 N. W. 952.

Order affirmed.