# VIOLA EATON v. FRANK ANDREW EATON.[1]

December 19, 1924.

No. 24,289.

**Grant of divorce on ground of husband's cruelty sustained.**
    The evidence supports the findings that a husband was guilty of cruelty entitling his wife to a divorce, in that he had frequently and unjustifiably accused her of marital infidelity.

[1]Reported in 201 N. W. 289.

Action in the district court for Hennepin county for absolute divorce. The case was tried before Baldwin, J., who granted a divorce and awarded the custody of the minor children to plaintiff. From the judgment, defendant appealed. Affirmed.
    *Norton & Norton,* for appellant.
    *Fish, Carleton, Cherry & Carleton,* for respondent.

LEES, C.
This is an action for divorce, in which the wife charged her husband with cruelty, inflicted by the making of repeated and groundless charges of marital infidelity. The answer was a general denial. The court found in plaintiff's favor and defendant has appealed from the judgment.

The assignment of error lacks certainty and definiteness and is open to criticism. Cook v. Kittson, 68 Minn. 474, 71 N. W. 670. However, the briefs indicate clearly enough that defendant questions the sufficiency of the evidence to support the findings, and we have examined the record to ascertain whether he has just cause to complain on that account.

The court found that defendant is of a jealous disposition and more than once improperly charged his wife with infidelity, and that her health was injuriously affected by these accusations, which, with one exception, were wholly groundless. Most of the accusations were made after plaintiff spent a month or two in the year 1921 at a summer resort near Frederick, Wisconsin. It was while

she was there that she made the acquaintance of the man of whom defendant became violently jealous. She admitted that she had been indiscreet and had given defendant some cause for jealousy. He doubted her assurance that her relations with the man in question were innocent and was ready to believe the worst. His conduct became outrageous a short time before she left him. They separated on November 16, 1921, and the suit for divorce followed. Unless defendant's conduct, after plaintiff returned from Frederick, can be justified or excused, the ultimate finding of cruelty warranting a divorce cannot be set aside.

We agree with defendant's counsel that but for the Frederick episode, it is probable that there would have been no separation and no suit for divorce, and that the two young children of these parties would not now be deprived of their parental home, but we do not agree that the question to be decided is whether a wife may excite the jealousy of her husband by her misconduct and then obtain a divorce because he charges her with infidelity. The court did not find misconduct on the part of the wife. On the contrary, the finding is that, with one possible exception, the accusations of infidelity were entirely groundless and without justification or excuse. That finding has support in the evidence, for the admission wrung from plaintiff on cross-examination was not one of actual wrongdoing, but rather an admission of an infatuation for a young man, which wore off when she returned to the dull routine of domestic duty.

No useful purpose would be served by prolonging the discussion of the evidence. The case is eminently one where the trial court, seeing and hearing the parties and their witnesses, was in a far better position than we are to reach a correct conclusion.

Judgment affirmed.