## E. W. BERGREN v. J. E. NELSON.[1]

October 9, 1925.

No. 24,805.

**Verdict on counterclaim sustained.**
　　1. The verdict awarding the defendant the amount of his counterclaim is supported by the evidence.

**No attack on instruction allowed on appeal when no exception to it on trial or on motion for new trial.**
　　2. An instruction cannot be attacked in this court for the first time when no exception was taken when it was given or in the notice of motion for a new trial.

　　1. See Appeal and Error, 4 C. J. p. 852, § 2834.
　　2. See Appeal and Error, 3 C. J. pp. 919, § 818; 980, § 891.

　　Action in the district court for Yellow Medicine county. The case was tried before Baker, J., and a jury which returned the verdict mentioned in the fourth paragraph of the opinion. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

　　*Bert O. Loe* and *Daly & Barnard,* for appellant.
　　*O. A. Lende* and *J. N. Johnson,* for respondent.

LEES, C.

　　By his complaint plaintiff set up three causes of action, but only the third is involved in this appeal.

　　Defendant, who was engaged in the automobile business at Canby in this state, sold the business to plaintiff in 1919. Plaintiff conducted it after August, 1919. From July 15, 1922, until March 15, 1924, he employed defendant to manage the business. The amount of the compensation plaintiff promised to pay defendant for his services is in controversy. It is the claim of the plaintiff that he employed defendant at a salary of $125 a month, while the defendant claims that, in addition to that amount, he was to receive a com-

[1]Reported in 205 N. W. 276.

mission of 2 per cent on all sales he made while conducting the business for plaintiff.

Defendant's employment covered a period of 20 months, and, if his salary was $125 a month, he was entitled to receive $2,500. He drew $2,905.05, which plaintiff claims is $405.05 more than he should have drawn, and this was the amount he sought to recover on his third cause of action.

In his answer defendant alleged that his total sales during the period of his employment were $132,331, upon which his commission amounted to $2,646.62, making the total amount due him $5,146.62; that he received but $2,905.05 and was entitled to receive in addition thereto $2,241.57, less $285, the amount of a note covered by the first cause of action, and sought to recover the difference by way of counterclaim. The jury return a verdict in his favor for $2,295.24. By mistake counsel for both parties assumed that defendant's note had been paid. The mistake was not discovered until after the trial, when it was called to the attention of the court. Plaintiff moved for a new trial. The motion was denied on condition that defendant consent to a reduction of the verdict by subtracting therefrom the amount due on the note. Defendant consented to the reduction and plaintiff has appealed.

The amount defendant was to receive for his services was the bone of contention between the parties. The contention of each party is supported by the testimony of one or more disinterested witnesses. The case was thoroughly tried. There were a number of circumstances which supported plaintiff's claim. No doubt plaintiff's counsel made the most of them before the jury, as he did in this court, but the jury was not convinced.

In reviewing a case in which the verdict is attacked on the ground that it is not supported by the evidence, we do not have the advantage of what has been termed "the atmosphere of the trial." The trial judge had that advantage and approved of the verdict. A discussion of the evidence would not be helpful to the parties or to the profession. It is enough to say that it has been examined and weighed, and that we have reached the conclusion that it supports the verdict.

Some fault is found with the instructions. The jury were told that plaintiff had the burden of proof and "must establish this contract of hiring, as he claims it to be, by a fair preponderance of the evidence." Defendant admitted that he had received $405.05 more than he should have received if he was not entitled to the commission he claimed. In that situation it is probable that defendant had the burden of proving that plaintiff had promised to pay the commission, for, unless he had, defendant had overdrawn his account. Be that as it may, no exception was taken to the instruction either at the trial or in the notice of motion for a new trial. For that reason, if for no other, the point cannot be raised here for the first time. Peterson v. Township of Manchester, 162 Minn. 486, 203 N. W. 432.

Order affirmed.