## C. O. TAYLOR v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

December 11, 1925.

No. 24,982.

**Assignment of error as to amendment of findings insufficient.**

1. Where a party moves the court below to amend more than one of several findings of fact, an assignment of error in this court is insufficient which merely states that the court erred in denying the motion to amend the findings.

**Assignment of error insufficient where several findings of fact.**

2. Likewise, where there are several separate findings of fact, an assignment of error is insufficient in this court which merely states that the findings of fact are not sustained by the evidence.

**No review on appeal where no exceptions at trial and no motion for new trial.**

3. Where there is no motion for a new trial, the record must show exceptions to rulings at the time they were made in order to have them reviewed on appeal.

1. See Appeal and Error, 3 C. J. p. 1381, § 1531.
2. See Appeal and Error, 3 C. J. p. 1381, § 1531.
3. See Appeal and Error, 4 C. J. pp. 82, 84, § 1674.

Action in the district court for Hennepin county. See 163 Minn. 46, 203 N. W. 434. The case was tried before Nye, J., who ordered judgment in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*Briggs, Weyl & Briggs*, for appellant.

*H. R. Hewitt*, for respondent.

PER CURIAM.

Defendant, a common carrier, appeals from a judgment awarding

[1]Reported in 206 N. W. 404.

plaintiff damages resulting from unreasonable delay in transporting a car of apples from Minneapolis to Kenyon, Minnesota.

The record shows that defendant received the car in the evening of October 30, at Minneapolis, and in the ordinary course of its business the car should have arrived at Kenyon, 65 miles distant, about noon the next day. It did not arrive until November 2. The court found the delay unreasonable and that plaintiff had been damaged in the sum of $150 on account of a decline in the market price of apples during the delay.

The case was tried to the court. There were four separate findings of fact. The first assignment of error is: "The court erred in denying defendant's motion for amended findings." The motion included two proposed findings and conclusions of law to be substituted for those made by the court. We think this assignment insufficient under the rule stated in the next paragraph. The two findings of fact are not in the same category. There may be evidence to establish one, and not the other.

The second assignment reads: "The Findings of Fact made by the trial Court are not sustained by the evidence." The assignment is clearly insufficient under the rule, for there were four separate and distinct findings. Prosser v. Manley, 122 Minn. 448, 142 N. W. 876; Holford v. Crowe, 136 Minn. 20, 161 N. W. 213.

The third assignment of error touches the proof of damages or the admission of evidence on which the court predicated plaintiff's loss. This really goes to the merits of the appeal. But here we are met by this situation which precludes a review. Appellant thus assigns the error: "The court erred in admitting evidence as to plaintiff's inability to fulfill specific contracts which were not pleaded and not proper evidence of damages." We are referred to folios 23, 29, 47, 73, 97, 109 and 111 of the record as the bases for this assignment of error. But in not one of them do we find an exception noted to the ruling. Since there was no motion for a new trial wherein exceptions could be specified, it follows that the rulings cannot be reviewed by this court. Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368; Petruschke v. Kamerer, 131 Minn. 320, 155 N.

W. 205; Kelly v. McKeown, 139 Minn. 285, 166 N. W. 329; Peterson v. Township of Manchester, 162 Minn. 486, 203 N. W. 432.

The judgment must be affirmed.