## FRANK JOHNSON v. P. R. LONG.[1]

### October 15, 1926.

### No. 25,393.

**When rulings at trial and instructions to jury are not reviewable on appeal.**
Rulings at the trial and instructions to the jury not excepted to and not assigned as error on a motion for a new trial are not reviewable on appeal.

Appeal and Error, 3 C. J. p. 895 n. 52; p. 912 n. 95; p. 919 n. 34; p. 967 n. 39, 42.

Action in the district court for Nobles county, tried before Nelson, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*J. A. Cashel,* for appellant.

*E. J. Jones,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict. There was no motion for a new trial and judgment was entered on the verdict. Defendant appealed from the judgment. He makes nine assignments of error. Two of them question the propriety of remarks made by the court at the trial, but no objection was made nor exception taken to either of these remarks. Two of them question rulings made at the trial in respect to the admission of testimony, but no exception was taken to either of these rulings. These four assignments raise no question of substance even if this court could consider them. This is practically

[1]Reported in 210 N. W. 626.

conceded. The other five challenge the correctness of portions of the charge to the jury, but no exception was taken to the charge.

It is thoroughly settled that an instruction to the jury or a ruling made at the trial admitting or excluding evidence cannot be reviewed on appeal unless an exception to the instruction or ruling was taken and preserved, or it was assigned as error in a motion for a new trial. Peterson v. Township of Manchester, 162 Minn. 486, 203 N. W. 432; Bergren v. Nelson, 164 Minn. 414, 205 N. W. 276; Taylor v. C. G. W. R. Co. 165 Minn. 266, 206 N. W. 404; Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716; State Bank v. Ronan, 144 Minn. 236, 174 N. W. 892; Cincinnati Time Recorder Co. v. Loe, 152 Minn. 374, 188 N. W. 1011. Also numerous cases cited in § 7091, Dun. Dig. and the Supplements thereto.

Defendant calls attention to § 9327, G. S. 1923, which provides that in lieu of an exception the party may "specify the alleged error in his notice of motion for a new trial or other relief therefrom;" and urges that the phrase, "or other relief therefrom," means that errors may be assigned under this statute without moving for a new trial. This statute merely provides that in lieu of an exception, a party may specify the alleged error *in his notice of motion* for a new trial or other relief." It does not give him the right to specify errors except in his notice of motion, and plainly intends that the motion shall be made in the trial court, and that the errors assigned in the notice thereof shall be presented to and be passed upon by that court. Unless so specified and presented they are not reviewable by this court.

In the present case none of the questions sought to be reviewed were preserved by an exception and there was no motion for a new trial or other relief. Consequently the record presents nothing which this court can review, and the judgment must be and is affirmed.