## N. M. PITZEN v. J. K. NORD AND ANOTHER.[1]

April 5, 1928.

No. 26,477.

**Parties bound by theory on which they have tried their case.**
1. Where a case has been tried by the parties and submitted to the jury by the court without objection, upon a certain construction of the pleadings, such construction will be conclusive on the parties. A party is concluded by an instruction given in accordance with the theory upon which he conducted his case.

**Instruction to jury not reviewable in absence of exception at trial or on motion for new trial.**
2. An instruction to a jury is not reviewable on appeal when no exception has been taken thereto and the same is not assigned as error on a motion for a new trial.

Appeal and Error, 3 C. J. p. 919 n. 34; p. 980 n. 70; 4 C. J. p. 701 n. 49; p. 710 n. 41.

Plaintiff appealed from an order of the district court for Dakota county, Schultz, J. denying his alternative motion for judgment or a new trial. Affirmed.

*Tautges, Wilder & McDonald,* for appellant.

*W. H. & H. W. Gillitt,* for respondents.

HILTON, J.

Appeal from an order of the district court denying a motion for judgment notwithstanding the verdict or for a new trial.

This action was brought to recover the sum of $200, damages sustained on account of payment made on the purchase price of an oil burner and expenses incurred in removing the same. No evidence was introduced as to the latter item. Had plaintiff been successful, his recovery would have been for $86.97.

The gravamen of the complaint was a claim of false and fraudulent representations inducing plaintiff to enter into the contract.

[1]Reported in 218 N. W. 891.

It is barely possible that a portion of the complaint was sufficient to maintain an action on a breach of warranty.

The contract of purchase and sale was in writing and attached to the answer as exhibit A. In this exhibit there was but one guaranty, and that was:

"Dealer guarantees that the above equipment will heat the building in which it is installed at 75 degrees F. in severe weather when operated according to instructions, if the same can be so heated with hard coal, and agrees to replace, free of charge, any parts which prove defective in material and workmanship within one year."

In the reply plaintiff alleges:

"If it be true that Exhibit 'A' is a true and correct copy of the written agreement, or contract, which plaintiff entered into with said defendants, that he was induced to make and enter into said agreement, or writing, solely as alleged in his complaint and not otherwise."

The complaint contained six allegations as to oral misrepresentations, claimed to be false and fraudulent, in addition to the guaranty mentioned in the exhibit.

The trial had proceeded but a little way, with plaintiff upon the stand, when a question asked him was objected to upon the ground that it was evidence of a conversation had as to the contract and not the best evidence for the reason that the contract was in writing. The following colloquy occurred:

By Mr. Eichelzer [attorney for plaintiff]:

"The representations the defendant made to the plaintiff induced him to enter into this case. This case is brought upon fraudulent representations.

The Court: "Is it your theory that he was caused to sign this written agreement by reason of fraud?

By Mr. Eichelzer: "That is what the complaint states."

The objection was overruled and the plaintiff permitted to testify fully as to the whole matter. An abundance of evidence was taken on both sides and every detail covered. The jury returned a verdict for the defendants. There was ample evidence to sustain it.

There were no requests for instructions and no exceptions taken to the charge. In the motion for a new trial error was assigned as to three portions of the charge on the ground that they limited the issue to one of false and fraudulent representations.

The learned trial judge in his memorandum states:

"A reading of the complaint would impress one that the action was brought to have the contract set aside on the ground that the same was procured by fraud. [He then recites the colloquy above referred to.] The court was at no time informed to the contrary and did not have in mind at the time of the trial or when giving the charge nor was it in any way called to its attention that the complaint might possibly also have stated a cause of action for damages for breach of warranty. The case was not tried and submitted on that theory. Beissel v. Vermillion Farmers Elevator Co. 102 Minn. 229." [113 N. W. 575, 12 L.R.A. (N.S.) 403.]

1. We sustain the trial court in his denial of the motion.

"Where a party has tried his case on one theory of the law, and consented to its submission to the jury on that theory, he cannot afterwards claim a new trial, at least as a matter of right, on the ground that such theory was erroneous." Engler v. Schneider, 66 Minn. 388, 69 N. W. 139.

"Where a case has been tried by the parties, and submitted to the jury by the court without objection, upon a certain construction of the pleadings, such construction will be conclusive on the parties. A party is concluded by an instruction given in accordance with the theory upon which he conducted his case." 5 Dunnell, Minn. Dig. (2 ed.) § 7169; Kleis v. Travelers Ins. Co. 118 Minn. 422, 136 N. W. 1101.

2. The fifth assignment of error was that the court erred in failing to give a certain instruction to the jury. No request having been made for such an instruction, and it not being mentioned in the motion for a new trial, it is too late to raise it in this court. Johnson v. Long, 168 Minn. 453, 210 N. W. 626.

Order affirmed.