IN RE DELINQUENT REAL ESTATE TAXES FOR 1938, ROSEAU COUNTY.
D. E. TAWNEY, APPELLANT.[1]

June 12, 1942.

No. 33,209.

[1]Reported in 4 N. W. (2d) 783.

*M. J. Hegland* and *Tawney, Smith, Tawney & Libera,* for appellant.

*Bert Hanson,* County Attorney, for the State.

GALLAGHER, CHIEF JUSTICE.

In proceedings to enforce the collection of taxes for 1938 upon certain real estate situated in the county of Roseau, D. E. Tawney interposed an answer objecting to the entry of judgment as against certain real estate owned by him, on the ground that his land had been assessed and taxed unfairly and at a valuation greater than its real and actual value. The matter came on for trial, at the conclusion of which the district court made findings of fact and conclusions of law which, in effect, confirmed the assessment and tax. No motion for amended findings or for a new trial was made. Judgment was thereafter entered, and Mr. Tawney, hereafter called defendant, appeals therefrom.

The trial court found that defendant was the owner of two farms situate in Roseau county, one containing 160 acres of real estate located in Barnett township, and another containing 200 acres located in Skagen township; that part of this land was improved and under cultivation; that the real estate in Barnett township was duly assessed for the year 1938 and its value, exclusive of buildings, determined to be $1,456; that the state tax commission raised this assessment to $1,656; that the tax levied upon the

Barnett township farm was based upon this last mentioned valuation and was $92.19; that the farm in Skagen township was duly assessed and its value, exclusive of improvements, determined to be $2,524 and that the improvements on this farm were assessed at $440, making a total valuation of $2,964; that the tax levied on the basis of this valuation for the year 1938 was $132.52; that the valuations of these farms made by the assessor as modified by the tax commission were proper. As conclusions of law the trial court found, in substance, that the taxes and penalties assessed and accruing against said premises for the year 1938 should be sustained and judgment rendered for the amount of the taxes and penalties with interest and costs.

1. In his brief defendant argues that the trial court erred in deciding that the full and true value of the Barnett township farm was $1,656 and that of the Skagen township farm $2,964. The legal principles to be applied in a case such as the one now before us are set out clearly in the case of State v. Oliver I. Min. Co. 198 Minn. 385, 270 N. W. 609, decided in 1936. It is therefore unnecessary for us to enter into any discussion of the law to be applied except to state that if the findings are reasonably supported by the evidence, the decision must be sustained.

Norbert Dostal, assessor for the town of Skagen and a farmer, testified that in his opinion the assessed value of the land in Skagen township represented its fair value on the date of the assessment. Asked if he believed the farm could have been sold at that time for $2,430, he replied in the affirmative. He stated that on his own farm located in the same township, where he had lived for 31 years, he had never had a crop failure and on one occasion had raised a crop of sweet clover which brought a gross return of $30 per acre.

Frank Brazier testified that he was the assessor of the town of Barnett, where he had lived for 31 years and where he was engaged in farming; that he assessed the real estate in that township for the year 1938 and that in his opinion the true and full value of the land of defendant located there was $1,440. From

the testimony it appears that the farms in these townships are partly under cultivation and partly covered with brush. Both assessors stated that in fixing the assessed valuation of the land they gave due consideration to this fact, and both testified that in their opinion the assessed valuation of defendant's farm was fair in comparison to the valuation placed upon other land by them.

In our opinion the testimony of these assessors sustains the findings of the trial court as to the value of the real estate here involved. Both were farmers and, as such, were properly permitted to testify as experts. Falkenhagen v. Yellow Medicine and Lac qui Parle Counties, 144 Minn. 257, 175 N. W. 102; 2 Dunnell, Dig. & Supp. § 3335, and cases cited in note 57.

The evidence presented by defendant, including testimony to the effect that the land involved had been purchased for a sum considerably less than the valuation placed upon it for tax purposes and that, rented on shares, it produces little income, supports his position. However, the matter has been decided adversely to him by the trial court, and the decision, which is reasonably supported by the evidence, must be affirmed.

2. We have decided this case on the merits although the matter was not properly presented for our consideration by effective assignments of error. Rule VIII(3)(d) of the rules of practice of this court (200 Minn. xxviii) provides that where a finding of fact is attacked as not sustained by the evidence it shall be particularly specified. The only assignment of error contained in appellant's brief reads: "The judgment appealed from is not sustained by the evidence and that it is contrary to law." Such an assignment of error presents nothing for review. 1 Dunnell, Dig. § 361, and cases cited in note 5. Where there is no proper assignment of error the judgment appealed from is ordinarily affirmed. 1 Dunnell, Dig. & Supp. § 358, note 71.

3. The proceedings here were apparently begun under Mason St. 1927, §§ 2116 to 2126. A new procedure for questioning the correctness of an assessment for tax purposes was prescribed by the legislature in 1935. L. 1935, c. 300, § 1. See International

Harv. Co. v. State, 200 Minn. 242, 274 N. W. 217. The question not having been raised, we do not decide whether it was necessary for defendant to proceed under this statute.

Judgment affirmed.

