# L. ELIZABETH ESTRADA v. GEORGE R. HANSON AND ANOTHER.[1]

June 11, 1943.

No. 33,405.

*Alfred W. Anderson, William A. Tautges,* and *Louis B. Schwartz,* for appellant.

*George C. Stiles,* for respondent George R. Hanson.

LORING, JUSTICE.

This was an action to set aside a deed on the ground (1) of failure of consideration; (2) that it was part of a gambling transaction; and (3) of fraud. The case was tried to the court, which made findings of fact and conclusions of law contrary to all of plaintiff's contentions and ordered judgment for defendants. The appeal is from the judgment.

[1]Reported in 10 N. W. (2d) 223.

Plaintiff was the vendee in a contract for deed from defendant Hanson for the purchase of an apartment house in Minneapolis at a price of $34,372. There was still $31,755 unpaid on the contract. Payments were fixed at $300 per month until July 10, 1936, when they became $400 per month. The evidence tended to prove that plaintiff felt it was too difficult to pay at the increased rate, and on April 26, 1938, she traded her equity in the contract to one Henry Larson for his equity in a farm in Blue Earth county. At that time plaintiff did not have in mind the exact amount due under the apartment house contract, but Hanson by letter authorized her to represent to Larson that it was $31,000. It later developed that the exact figure was $31,755. The following day, April 27, 1938, plaintiff conveyed to the defendant Hanson a one-half interest in the Larson farm in consideration of his agreement to reinstate plaintiff in her rights under the apartment house contract for deed if Larson should default and be dispossessed by Hanson "within one year from May 1, 1938." Hanson also agreed that if plaintiff needed funds between October 1, 1938, and May 1, 1939, and if Larson did not default before or during this period, he, Hanson, would lend plaintiff $50 per month for not to exceed six months, these loans to be repaid during 1939 or out of the sale of the Blue Earth farm if it were sold. He agreed to pay plaintiff $25 for each month from May 1, 1939, to April 30, 1941, provided Larson was not dispossessed of the apartment house property before or during that time. Hanson agreed to assign (the contract does not say to whom, but presumably to plaintiff) all rents from the Blue Earth farm over and above expenses, including payments on principal and interest.

On the same day the same parties entered into another agreement to the effect that Hanson would accept $31,000 as the unpaid balance on the apartment house contract; that plaintiff would be released from all personal liability for the unpaid balance on this contract unless she should afterward again come into possession of the premises; and that Hanson would consent to plaintiff's conveying her interest in this contract to Henry Larson.

Forty-two days after the execution of these contracts and the plaintiff's conveyance of a one-half interest in the Blue Earth farm to Hanson, he sold his vendor's interest in the apartment house contract to Henry Larson and his brother. Plaintiff now seeks to set aside her conveyance on the grounds above stated.

■ Plaintiff contends there was a total failure of consideration for the contract by which she agreed to and did convey to Hanson a one-half interest in the farm, because the consideration was Hanson's agreement to reinstate her in her rights in the apartment house contract upon Larson's default and dispossession and that Hanson has disabled himself from performing by selling his vendor's interest therein.

A valuable consideration may consist of some benefit accruing to one party or some detriment suffered by the other, and the tendency is to emphasize the detriment to the promisee. 1 Williston, Contracts (Rev. ed.) § 102. As we said in Johnson v. Kruse, 205 Minn. 237, 241, 285 N. W. 715, 717: "Consideration means, not so much that one party is benefited, as that the other suffers detriment." Applying this test, we find that the contract here was amply supported by other considerations.

The exact amount of the unpaid balance on the apartment house contract was uncertain, and Hanson agreed to accept $31,000 as the liquidated amount. It developed that the amount due was actually $755 more than this. This was to Hanson's detriment.

In addition, plaintiff has received loans totaling $300 pursuant to the contractual agreement. The fact that she is under obligation to repay the loans does not invalidate them as consideration. She was also relieved of personal liability on the apartment house contract.

There was ample support for the court's finding that there was no failure of consideration.

■ Part of the contract under dispute reads:

"That said George R. Hanson further undertakes and agrees to pay to the said Mrs. L. Elizabeth Estrada the sum of Twenty-five

and no/100 ($25.00) Dollars for each and every month from May 1st, 1939, to April 30, 1941, provided the said Henry Larson is not dispossessed from said premises located in the City of Minneapolis, either before or during said period."

Plaintiff attacks this portion as evidencing a gambling transaction and a "swindle." The first part of the contract provided for the reinstatement of plaintiff in her rights in the apartment house contract if Larson defaulted. As we view it, the part above quoted was simply an alternative if Larson did not default. Plaintiff's contention that it is part of a gambling transaction is without merit.

■ Plaintiff's contention that the whole transaction is a "swindle" is predicated on the fact that Hanson could control the event, that is, dispossession of Larson upon his default, upon which the $25 monthly payments depended, and that he has disabled himself from ever dispossessing Larson by selling his vendor's interest in the apartment house contract to Larson and his brother. Plaintiff contends that the only consideration she received was the above mentioned loans, which she is obligated to repay. She refuses to accept Hanson's tender of the $25 monthly payments.

This is simply another method of attacking the adequacy of consideration. It is an elementary principle of contract law that courts will not inquire into the adequacy of consideration. "It is unnecessary that a consideration should be adequate. It is sufficient if it is something which the law regards as of value." 2 Dunnell, Dig. § 1756.

■ Plaintiff devotes a considerable portion of her brief under the heading of "ARGUMENT" to a treatment of her contention that "THE FINDINGS ARE NOT SUPPORTED BY THE EVIDENCE." There is no particular assignment of error. Rule VIII(3)(d) of the rules of practice of the court (200 Minn. xxx) states: "Where a finding of fact is attacked as not sustained by the evidence, it shall be particularly specified." Failure to follow these instructions presents nothing for review. In re Delinquent Real Estate Taxes,

212 Minn. 562, 4 N. W. (2d) 783. It is therefore unnecessary for us to examine the findings in detail. We find no ground for the relief which plaintiff seeks.

Affirmed.