LOUIS R. PETERSON v. WILLIAM M. JAMES.[1]

December 20, 1946.

No. 34,227.

*Lindahl O. Johnson,* for appellant.

*O. A. Brecke,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff brought this suit to compel specific performance of a contract reading as follows:

---

[1]Reported in 25 N. W. (2d) 300.

"*$100.00*                                                    *July 5th* 1944

"Received of *Louis R. Peterson One Hundred and no/100* Dollars as a guarantee of good faith accompanying offer of *$3,500.00* on terms as follows:

"*One Hundred Dollars as above, and the balance by Aug. 15th 1944, on or before. Providing abstract proves to be merchantable* for the purchase of *57 1/2 acres described as E. 1/2 So. E. 1/4 Sec. 20 Tp. 30 Range 23 W. except as shown by Plat.*

"This offer is subject to owner's approval; if accepted, the above amount will apply as a part of purchase price and if refused the above amount will be refunded. If offer is accepted and purchaser refuses to fulfill the above stated conditions the *$100.00* will be forfeited to *J. Leo McCormick*.

"*Your Real Estate Broker*

Agents

By *J. Leo McCormick*

"I Hereby Make This Offer
*Louis R. Peterson.*
                    Purchaser
"I Hereby Accept This Offer
*William M. James*
*Ethel M. James*
                    Seller"

(We have italicized such portions as have been written into the printed instrument.)

Tried to the court, there were seven findings made, each separately numbered and paragraphed. In substance and effect, they provide as follows: (1) That defendant "is the owner in fee" of the involved premises; (2) that in June 1944, plaintiff, desiring to purchase the premises, engaged one J. Leo McCormick, a real estate broker, to locate the owner and negotiate for the purchase thereof; that pursuant thereto McCormick located defendant and procured a listing of the property; (3) that on July 5, 1944, the parties entered into the earnest money contract above quoted; (4) that defendant procured and delivered to McCormick an abstract covering the

premises, which was delivered to and examined by plaintiff's attorney; that after such examination the attorney was of the opinion, and so informed plaintiff, that the title was not merchantable and that, to make the record title good, proceedings should be had to have the title registered; (5) that on August 10 plaintiff "advised the defendant that he would not purchase said premises unless and until the defendant registered the title thereof under the Torrens system, and [plaintiff] offered to pay one-half of the expense"; that defendant "never accepted" plaintiff's offer; (6) that under the terms of the contract plaintiff never obligated himself to purchase the property, nor was defendant obligated thereby "to make said title merchantable" and, in any event, that defendant could not complete such proceedings "within the time specified for performance of the contract"; (7) that plaintiff has never tendered payment of the purchase price. As conclusions of law, the court determined "that the plaintiff is not entitled to the specific performance of said agreement, and that this action be dismissed on the merits; and that the defendant recover of plaintiff his costs and disbursements herein."

Plaintiff next moved for amended findings, asking that all of the findings except the first be stricken and that his proposed findings be adopted in their place. This motion being denied, judgment was entered, from which plaintiff appeals. There was no motion for a new trial.

Only two errors are assigned here: That (1) "The court erred in making its decision of February 20, 1945," and (2) "In denying appellant's motion for amending findings * * *."

Defendant in his brief properly and appropriately insists that neither assignment is sufficient to challenge the trial court's findings. In support he cites our Rule VIII(3)(d), (212 Minn. xlii), which provides: "Where a finding of fact is attacked as not sustained by the evidence, it shall be particularly specified." In addition, he refers us to 1 Dunnell, Dig. & Supp. § 361, and the cases there cited. There is and can be no doubt that failure to follow such directions leaves nothing for review here. We so held in the

recent case of In re Delinquent Real Estate Taxes, Roseau County, 212 Minn. 562, 565, 4 N. W. (2d) 783, 785, where we said:

"We have decided this case on the merits although the matter was not properly presented for our consideration by effective assignments of error. Rule VIII(3)(d) of the rules of practice of this court * * * [212 Minn. xlii] provides that where a finding of fact is attacked as not sustained by the evidence it shall be particularly specified. The only assignment of error contained in appellant's brief reads: 'The judgment appealed from is not sustained by the evidence and that it is contrary to law.' Such an assignment of error presents nothing for review."

Among other cases so holding are Cook v. Kittson, 68 Minn. 474, 71 N. W. 670; Eaton v. Eaton, 161 Minn. 293, 201 N. W. 289.

Equally futile is plaintiff's assignment No. 2, as Taylor v. C. G. W. R. Co. 165 Minn. 266, 206 N. W. 404, clearly demonstrates. In the late case of Raymond v. McKenzie, 220 Minn. 234, 239, 19 N. W. (2d) 423, 425, we said:

"Where a case is tried to the court and findings are made, the specific finding which is asserted to be without evidentiary support must be challenged in this court by a specific assignment of error."

What has been said disposes of the case. However, because the record is short, we have reviewed it in its entirety and have reached the conclusion that the trial court was right and that the evidence amply supports its findings.

Judgment affirmed.