## R. B. HINKLEY v. ED. G. FREICK.[1]

September 30, 1910.

Nos. 16,559—(137).

**Bills and notes — defense of fraud in action against maker.**

The common-law rule that the fraud of the payee of negotiable instruments in securing its execution and the knowledge thereof by the purchaser before maturity is a good defense to an action against the maker was not modified nor repealed by section 2747, R. L. 1905.

**Same — R. L. 1905, § 2747.**

That section created a new and different defense in cases where the signature to the negotiable instrument was fraudulently obtained by trick or artifice as to the nature and terms of the contract, and where the maker did not

[1]Reported in 127 N. W. 940.

believe the paper signed to be a negotiable instrument and was not negligent in signing it without knowledge of its terms.

**Evidence — knowledge of purchaser.**

In this case the trial court erred in excluding evidence of knowledge by the purchaser of the negotiable instrument before its maturity concerning fraudulent means claimed to have been employed in obtaining the signature to the instrument.

**Systematic intent to defraud.**

Ordinarily evidence of similar but unconnected facts is properly excluded. An exception, however, is recognized where the evidence is designed to show systematic intent to defraud.

**Same — evidence admissible.**

In this case it was error to exclude evidence that the payee of a promissory note alleged to have been procured by fraud had acted in pursuance of "systematic method" and had perpetrated "other similar fraudulent practices in obtaining other persons' signatures to notes."

Action in the district court for Rock county by R. B. Hinkley, substituted for the Rock County Bank, to recover $776 upon a promissory note. The facts are stated in the opinion. The reply was a general denial. The case was tried before Quinn, J., acting for the judge of the Thirteenth judicial district, and a jury which returned a verdict in favor of plaintiff for $217.22. From an order denying defendant's motion to set aside the verdict and for a new trial, he appealed. Reversed and new trial ordered.

*E. H. Canfield,* for appellant.

*A. J. Daly,* for respondent.

JAGGARD, J.

This was an action to recover on a promissory note, with interest, sold and indorsed for value in the ordinary course of business to a bank for which plaintiff was substituted. The defendant answered, claiming that his signature was obtained by fraudulent representations, trick, and artifice, as to the nature and terms of the instrument so signed by him; that at the time of signing the same he did not believe it to be a bill of exchange, promissory note, or other negotiable paper; and that he was not guilty of negligence in signing such paper without knowledge of its terms.

Defendant is a German by birth and education and imperfectly acquainted with the English language. The fraud and trick charged to have been practiced in securing the defendant's signature to the note consisted in inducing the defendant first to sign a contract of agency for the sale of wares of the National Fence Machine Company, which contract was part of a tablet of papers, and underneath which contract was fastened the note in suit which was kept concealed from view. After the contract had been signed, the agent of the fence machine company, the claim is, raised the lower right-hand corner of the contract so signed exposing a place for signature on the paper beneath and told the defendant that the paper beneath was a duplicate of the contract just signed, and which the defendant should sign for the company to retain; only the corner of the lower paper, the place for signing, was exposed, and the defendant, believing the representations made to be true, signed his name thereon in ignorance of the true character of the instrument, and without seeing the face of it.

The case was tried before a jury. A verdict was rendered in favor of the plaintiff. This is an appeal from an order denying a motion for a new trial.

1. The first assignment of error is that the trial court improperly sustained plaintiff's objection to the cross-examination of the witness intended to show want of good faith on the part of the bank in purchasing the note, and the notice and knowledge on the part of the bank officials of fraud claimed to have been practiced on defendant in obtaining his signature thereon.

This court has frequently expressed itself as being averse to reversing a decision of the trial court because of error in rulings as to mere evidence. In cases where the objection raised is technical, as generally happens, and does not show substantial prejudice, the propriety of this course is obvious. In this case, however, the ruling on evidence prevented defendant from establishing a substantial defense. The evidence having been excluded, no charge to the jury with respect thereto would have been appropriate, nor could defendant be properly required to have requested any charge with respect thereto.

112 M.—16.

That the fraud of the payee of the promissory note in securing its execution was known to his vendee at the time of its purchase before maturity undoubtedly is a good defense at common law. Per contra, a vendee who purchases a negotiable instrument for value in the ordinary course of business in good faith and without knowledge of fraud in its execution can enforce the note though voidable as between the parties.

The question then arises as to the effect upon this defense of section 2747, R. L. 1905. That section reads: "Instrument obtained by fraud.—No person, nor the heirs or personal representatives of any person, whose signature is obtained to any bill of exchange, promissory note, or other paper negotiable under the law merchant, shall be held liable thereon if it be made to appear that the signature was obtained by fraudulent representation, trick, or artifice as to the nature and terms of the contract so signed, that at the time of signing he did not believe it to be a bill of exchange, promissory note, or other paper, negotiable under the law merchant, and that he was not guilty of negligence in signing such paper without knowledge of its terms. The question of negligence in any suit on such contract shall in all cases be one of fact for the jury, and the person sought to be charged thereon shall be entitled to have the question of his negligence submitted to a jury."

We are of opinion that this statute did not extinguish, repeal, or modify the common-law defense, but added a new and additional defense. No term of the statute indicates any intention to affect the common-law defense by abolishing or modifying it; intention to repeal it by implication, not favored by the law, in no wise appears. The two defenses differ in this: Under the common law defendant must prove fraud in obtaining the note and knowledge by the purchaser of that fraud. Where the maker of the note was negligent, the rule would not be altered; for negligence is no defense to fraud. Under the statute the defendant would not have to prove knowledge of the fraud by the purchaser for value, but would have to prove that the maker of the note was not guilty of negligence.

Accordingly, the exclusion of the evidence was error unless the

allegations of the pleadings were not sufficiently broad to permit the introduction of the common-law defense. The answer set forth: "That this defendant was prevented from examining said second printed paper by the aforesaid fraudulent representations, trick, and artifice. That if said defendant did sign said 'promissory note,' he did not believe it to be a bill of exchange, promissory note, or other paper negotiable under the law merchant at the time he signed the same. That this defendant was not guilty of any negligence in signing said paper without knowledge of its terms. That the plaintiff, and its officers and agents, had due notice and knowledge of the foregoing facts before the alleged transfer of said 'promissory note' to plaintiff." Under this statute, if the defendant proved the fraud and knowledge thereof by the bank, he brought his case under the common-law rule. If he failed to prove such knowledge, but did prove the fraud, and "that this defendant was not guilty of any negligence in signing said paper without knowledge of its terms," then he brought himself within the statute. The conclusion follows that it was prejudicial error to exclude the evidence.

2. It is also assigned as error that the trial court erred in excluding testimony designed to show that the payee of the note perpetrated the fraud on plaintiff in pursuance of a "systematic method" and to show "other similar fraudulent practices in obtaining other persons' signatures to notes."

It is true that that question asked and overruled was not accompanied by an offer to prove, as is ordinarily required in order that the excluded evidence may be held to justify reversal. The court, however, expressed itself as understanding the controversy, so that the ordinary rule does not apply. The ruling we think constituted reversible error. As a general proposition the maxim res inter alios acta applies. Under the ordinary rule this evidence should have been excluded. There is, however, a well-recognized exception in the case of fraud. Fraud opens wide the door for all fairly revelant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged. Chase's Stevens, Evidence, arts. 10–13, pp. 36–54.

Another error is assigned but is not material in view of the fact that a new trial must be had. It is so ordered.

Reversed, and new trial ordered.