GEORGE A. SIMERMAN v. FRANK HABISCH.
SAME PLAINTIFF v. VICTOR A. PRELLWITZ AND
ANOTHER.[1]

June 21, 1929.

Nos. 27,266, 27,267.

[1]Reported in 225 N. W. 913.

16

 

*Erling Swenson,* for appellant.
*P. W. Morrison,* for respondents.

STONE, J.

Two actions on promissory notes tried together. After verdicts for defendants and motion by plaintiff for judgment notwithstanding, he appeals from the judgments for defendants.

Plaintiff sues as receiver of United Petroleum Company, Inc. a corporation which was being organized in October, 1921, for the purpose of installing and operating oil and gasolene filling stations, one of them at Lester Prairie, a village near which defendants reside. The notes were procured from defendants, who were farmers, by promoters or stock salesmen representing the corporation. The defense is that they fraudulently misrepresented the character of the instruments, leading defendants to believe that they were not signing promissory notes. There was enough evidence to that effect to make a fact issue, which must be taken as having been resolved in favor of defendants by the jury. The defense was put exclusively on G. S. 1923 (2 Mason, 1927) § 7247, which is that:

"No person, nor the heirs or personal representatives of any person, whose signature is obtained to any bill of exchange, promissory note, or other paper negotiable under the law merchant, shall be held liable thereon if it be made to appear that the signature was obtained by fraudulent representation, trick, or artifice as to the nature and terms of the contract so signed, that at the time of signing he did not believe it to be a bill of exchange, promissory note, or other paper negotiable under the law merchant, and that he was not guilty of negligence in signing such paper without knowledge of its terms. The question of negligence in any suit on

such contract shall in all cases be one of fact for the jury, and the person sought to be charged thereon shall be entitled to have the question of his negligence submitted to a jury."

■ Plaintiff as receiver of the corporation, which although not the payee procured the notes in the first instance, cannot and does not claim as a holder in due course. He holds the notes subject to all the equities between the original parties and to any defense arising at the inception of the notes. The statute, § 7247, did not abrogate the common law defense of fraud, which is not good against a holder in due course. It created a new defense, available against any holder, even one in due course, but conditioned on the absence of negligence upon the part of the maker. Hinckley v. Freick, 112 Minn. 239, 127 N. W. 940; Albrecht v. Rathai, 150 Minn. 256, 185 N. W. 259. In order to establish the defense of fraud at common law it is not necessary to prove lack of negligence in addition to fraud. Maxfield v. Schwartz, 45 Minn. 150, 47 N. W. 448, 10 L. R. A. 606.

But this case was not tried upon the common law defense. The only one interposed was the special one created by § 7247, and the case went to the jury upon no other. So we dispose of it upon that theory. The evidence for defendants is that the stock salesmen told them they wanted their names, did not need money, never mentioned a note, and that defendants did not read the papers, which were numerous and long.

The case against defendant Paulina Prellwitz differs from the others. She signed the note against herself and her husband, Victor, the day after his signature was procured. She heard the misrepresentations, which according to the testimony were made to her husband. The salesmen said, so the evidence indicates, "they didn't want our money, only they wanted us to sign some kind of a subscription. * * * He had a whole lot of papers. * * * We didn't talk about a promissory note." The next day, according to Mrs. Prellwitz, she was alone at home, "and these two men come to the house and put a piece of paper on the table and put a pencil there and told me I had to sign my name, and I got scared and

thought I better sign it." The testimony of Mrs. Prellwitz is by itself rather attenuated evidence of fraud. But when put with that of her husband concerning misrepresentations made to both, it supports the inference that both were deceived into believing that the papers they signed were a mere subscription list or at least something other than a promissory note.

If the issue of negligence could be disassociated from that of fraud it would be difficult to hold that defendants had exercised due care. But the two issues cannot ordinarily be segregated for separate consideration and decision. What appears to be absence of due care may well be the result of another's deceit. It was not the intention of the statute to permit the wrongdoer to take advantage of his own wrong by insisting that his victim was negligent in believing his representations and doing that which they were calculated to induce him to do. The very evidence which shows fraud may be sufficient to absolve from the charge of negligence, or at least to give reasonable minds an opportunity to differ. With the premise, established by the verdicts, that defendants were first deceived as to the nature of the documents, we cannot say, as matter of law, that their signatures were negligently subscribed. The issue of negligence depends so much upon that of fraud and the proof of deceit, and the two are so related, that upon the evidence in this case we cannot disturb the verdicts. We come to that conclusion without considering whether it is competent for the legislature, as it has attempted to do in § 7247, to make the issue in every case one for the jury.

■ Plaintiff puts much reliance upon the rule of Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641, followed in Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489, and Provan v. Bondeson, 157 Minn. 478, 196 N. W. 659. The argument is that defendants became stockholders in the corporation and that in consequence and upon its insolvency they lost their right to rescind their contracts of subscription, including the notes. Whether defendants ever became stockholders, or whether, if they did, they can now escape their status and obligations as such, is not before us. They

are not sued upon subscription contracts nor to enforce any liability of stockholders as such. They are sued upon simple promissory notes with respect to which they have asserted and established a special statutory defense. That is enough to compel the conclusion that the judgments appealed from should be affirmed.

So ordered.