**UNITED STATES of America, Plaintiff,**

v.

**Mychajlo SZAPOWAL and Maria Szapowal, Defendants and Third-Party Plaintiffs,**

v.

**FIRST BANCREDIT CORPORATION and James N. Roberts, Third-Party Defendants.**

**No. 4–61–80 Civ.**

United States District Court
D. Minnesota,
Fourth Division.
April 11, 1962.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., for plaintiffs.

Frank M. Fudali, Minneapolis, Minn., for defendants and third-party plaintiffs.

Joe A. Walters, Minneapolis, Minn., for third-party defendant, First Bancredit Corp.

No appearance for James N. Roberts.

DONOVAN, District Judge.

This is a non-jury action to enforce payment of a promissory note. The plaintiff, the United States of America, is the holder of a promissory note bearing date of August 12, 1959, payable to the order of United Roofing and Construction in the amount of $4,337.46, and executed by Mychajlo Szapowal and Maria Szapowal, defendants and third-party plaintiffs.

Mychajlo Szapowal and Maria Szapowal are husband and wife. They are Polish immigrants who entered the United States in the year 1952. Both of them speak, write and understand the English language to a limited degree.

The said promissory note was procured from the Szapowals by one James N. Roberts, who is a third-party defendant in this action, and who, at the time in question, was the sole owner of the said United Roofing and Construction.

In early July of 1959, the Szapowals were introduced to Roberts by an acquaintance of theirs, one Michael Piotrowski, who was also one of Roberts' subcontractors. Piotrowski acted as an interpreter in the negotiations which followed between the Szapowals and Roberts. It was not necessary for Piotrowski to translate all that was said between the parties since the Szapowals are able to speak English to some extent.

On July 8, 1959, Roberts entered into a contract with the Szapowals (defendants' exhibit B) to remodel certain premises for the sum of $10,000.00. Piotrowski was present with the Szapowals and Roberts when the contract was signed. The record shows that the Szapowals read the contract before signing it.

By the terms of the said contract the Szapowals agreed to make a down-payment to Roberts of $5,000.00 and to pay him $1,500.00 upon completion of the work. The contract further provided that the remaining portion of the cost, or $3,500.00, was to be financed and repaid in sixty consecutive monthly installments with interest included.

Pursuant to this agreement the Szapowals gave Roberts the sum of $5,000.00 as a down-payment. Also on July 8, 1959, they signed a credit application (plaintiff's exhibit 3) for the purpose of

obtaining a F.H.A. loan in the amount of $3,500.00 from the First Bancredit Corporation, a third-party defendant in this action. The application was forwarded to the said First Bancredit Corporation.

Although there is some conflict in the record as to the exact date, it appears that on or about August 9, 1959, Roberts delivered to the Szapowals the promissory note which is the subject of this action (plaintiff's exhibit 1) together with a completion certificate (plaintiff's exhibit 2) which is a statement certifying that the work covered by the loan had been fully completed.[1] The Szapowals signed the said promissory note and the said completion certificate even though the work had not been completed.

Roberts delivered the said promissory note and the said completion certificate to the First Bancredit Corporation when the work was only two-thirds completed. Roberts endorsed the said promissory note to the First Bancredit Corporation whereupon he secured the sum of $3,500.00.

The plaintiff, the United States of America, subsequently became holder of the said promissory note as assignee of the First Bancredit Corporation.

The work on the Szapowals' premises was never completed and much of it was never paid for. As a result of this and other frauds worked by him, Roberts was convicted of grand larceny by the District Court of Hennepin County, State of Minnesota.

The Szapowals by their third-party complaint seek judgment jointly and severally against the said James N. Roberts and the said First Bancredit Corporation for all sums that may be adjudged against the Szapowals in favor of plaintiff. They allege fraud and misrepresentation on the part of Roberts and negligence on the part of the First Bancredit Corporation.

The Szapowals concede that the said promissory note is on its face a negotiable instrument as defined by the laws of the State of Minnesota.[2] It is further conceded that the plaintiff, the United States of America, is in possession of the said promissory note as a holder in due course.[3]

The sole issue for determination by this Court is whether the Szapowals have a defense to the enforcement of the said promissory note executed by them which will bar recovery by a holder in due course.

The Szapowals rely on Minnesota Statutes Section 334.12.[4] They allege that the elements necessary to establish a defense under this section are present in the instant case, as follows:

(1) That their signatures were obtained by fraudulent representation, trick, or artifice as to the nature and terms of the contract so signed.

1. Plaintiff's exhibit 2 reads in part as follows:
   "We hereby certify that all articles and materials have been furnished and installed and the work satisfactorily completed on the premises indicated in our Credit Application."
   See also: Peerless Insurance Co. v. Cerny & Associates, Inc., (D.C.Minn.) 199 F.Supp. 951.

2. M.S.A. Chapter 335, Uniform Negotiable Instruments Act.

3. M.S.A. § 335.201.

4. "334.12 Instrument obtained by fraud
   "No person, nor the heirs or personal representatives of any person, whose signature is obtained to any bill of exchange, promissory note, or other paper negotiable under the law merchant, shall be held liable thereon if it be made to appear that the signature was obtained by fraudulent representation, trick, or artifice as to the nature and terms of the contract so signed, that at the time of signing he did not believe it to be a bill of exchange, promissory note, or other paper negotiable under the law merchant, and that he was not guilty of negligence in signing such paper without knowledge of its terms. The question of negligence in any suit on such contract shall in all cases be one of fact for the jury, and the person sought to be charged thereon shall be entitled to have the question of his negligence submitted to a jury."

(2) That at the time of signing they did not believe it to be a bill of exchange, promissory note, or other paper negotiable under the law merchant.

(3) That they were not guilty of negligence in signing such paper without knowledge of its terms.

■■ It is well-settled in Minnesota that proof of the aforementioned elements of the statute gives rise to a defense in favor of the maker of a promissory note which bars recovery on said note by a holder in due course.[5] The burden of proof is upon the maker of the note to establish the facts made a defense by the statute [6] and absence of proof of any one of the said elements set forth in the statute will make the defense inapplicable.

■ The Szapowals allege as proof of the first element of the statute (relating to fraudulent representation, trick or artifice) the fact that the said promissory note which they signed was represented to them by Roberts to be part of an application for a F.H.A. loan.

The question with respect to this element, is whether, in the light of the whole transaction and course of dealings between the parties, this was a fraudulent representation, trick or artifice as to the "nature and terms" of the promissory note signed by the Szapowals.

There is no claim made that the Szapowals did not understand the terms of the contract of July 8, 1959, at the time they signed it. Nor is there any claim that they did not understand the credit application which they signed on the same date for the purpose of obtaining a F.H.A. loan. In fact, the record shows that a similar F.H.A. loan had been obtained by them in 1952 at which time they executed a promissory note as makers and which note was paid in a satisfactory manner according to its terms.

A short time after the aforementioned contract and credit application were signed, Roberts delivered the promissory note and another instrument to the Szapowals. Even though it may be true that Roberts, as alleged by the Szapowals, represented the said promissory note to be part of an application for a F.H.A. loan, such a representation does not, in the light of the whole transaction and all the facts here involved, disguise or obscure the "nature and terms of the contract" to such an extent as would amount to a fraudulent representation, trick, or artifice within the meaning of the statute. The evidence supports the view that the nature of the obligation which the Szapowals were assuming remained sufficiently clear throughout the entire course of dealings between the parties so as to negate any finding of fraud within the meaning of the Minnesota statute.[7]

Although it is clear that the Szapowals were the unfortunate victims of frauds worked upon them by Roberts, such frauds as were here involved were not of the nature contemplated by the statute. Therefore, since the Szapowals have failed to carry their required burden of proof with respect to this element of the statute, the defense provided by the statute is unavailable to them. The other elements of the statute which must be established become immaterial.

Plaintiff, as a holder in due course, is entitled, therefore, to recover on the promissory note executed by the Szapowals as makers.

For the reasons above set forth, plaintiff must prevail. Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Exception is allowed defendants.

5. Simerman v. Habisch, 178 Minn. 15, 225 N.W. 913; Albrecht v. Rathai, 150 Minn. 256, 185 N.W. 259.

6. Hinkley v. Freick, 112 Minn. 239, 127 N.W. 940; Merchants' State Bank of

Elizabeth v. Umlauf, 160 Minn. 255, 199 N.W. 819.

7. Compare United States v. Katz, (D.C. Minn.) 74 F.Supp. 89.